*J. S. Harvey*, for appellant.

*D. V. Burns*, for appellee.

———————•———————

## THE TOWN OF COVINGTON and Others *v.* NELSON.

INJUNCTION.—*Improvement of Streets of Town.*—*Petition, Ordinance, Contract, Jurisdiction of Board of Trustees.*—Under section 8, 3 Ind. Stat. 128, the board of trustees of a town, have no jurisdiction, without the petition filed of a majority of all the resident owners of lots, &c.; and an ordinance passed and contract made for the improvement of the sidewalks of the town without such petition is void.

SAME.—*Parties.*—Where the work in progress under such void proceeding would be of no benefit, but a damage to the citizens of the town, a resident tax payer of the town may, for himself and others of like interest, enjoin the prosecution of the work.

APPEAL from the Fountain Common Pleas.

BUSKIRK, J.—The suit was brought by Nelson to restrain the making of certain sidewalks in the town of Covington. The complaint alleges, that "Joseph H. Nelson, on behalf of himself and others, who are so numerous that it would be impracticable to make them plaintiffs herein, but who, with the plaintiff, are all *bona fide* residents and tax payers of the town of Covington, and have an interest in the subject-matter of this suit and the relief sought to be enforced, complain" that defendants McManoney and McMahon are proceeding to spread out and distribute gravel on the walks around the lots of divers citizens of said town, and are pre-

paring to do the same around the houses on Liberty, Washington, Jefferson, Harrison, Crockett, Johnson, Pearl, and Commercial streets of said town; also on Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth streets; that said work is being done in pursuance of a pretended contract, a copy of which is filed as exhibit "A;" that said contract is made under an ordinance, a copy of which is filed as exhibit "B," which ordinance, contract, and work are without authority of law, in this, to wit: 1. The said town has never established a grade to regulate the height, depth, or breadth of sidewalks. 2. That two-thirds of the resident owners of real estate, in number or value, have not petitioned for the work. 3. Nor did a majority of all the resident owners on any of said streets petition for the work. 4. The marshal of said town had no authority to contract for the work. 5. The marshal, in making the contract, and the board of trustees in confirming it, "have not exercised that reasonable diligence and care of the property of the citizens imposed upon them by law." 6. The work, if permitted, will be of injury and inconvenience, in this, to wit: "The walks will be, no grade being established, diverse; citizens will have their lots overflowed by reason of the failure to have a drainage sufficient to carry off the water; and the health of residents of the town will be impaired by reason of the water being caused to stagnate, on account of such failure to establish a grade, and putting on of said gravel." 7. That the contract is unjust and will damage plaintiffs, for the reason that the marshal has reserved the right to furnish the gravel, the profit of the same not going to the town of Covington. 8. The board of trustees have not exercised a sound discretion in the passage, or attempt to enforce said ordinance. And that public convenience does not require the work to be done. 9. The work will subject plaintiffs to vexatious litigation; and the work will be of no benefit to the citizens of said town, but of great damage and future cost. 10. The town of Covington has never yet, by ordinance, established a sidewalk, and has "suffered or pre-

tended and attempted to release and exempt certain taxpayers from graveling said sidewalks, to make them abandon opposition to the measure." Prayer for perpetual injunction, enjoining defendants from further proceeding under said ordinance.

The complaint was sworn to.

Exhibit " A " is as follows: Thomas H. B. King, as marshal of said town, let to McManoney and McMahon the constructing of sidewalks in the town of Covington, under an ordinance dated and passed June 7th, 1869; said McManoney and McMahon to construct the same upon the streets and parts of·streets, as set forth in said ordinance and designated by a committee-of said board. The sidewalks to be constructed of the material required by said ordinance and the notice of letting, and to be paid for at the rate of thirteen and one-eighth cents per foot in length, for gravel walks, and one dollar and twelve and a half cents per foot in length, for brick sidewalks. Dated 12th November, 1869.

Exhibit " B " is the ordinance, and is as follows: " Sec. 1. Be it ordained by the board of trustees of the town of Covington, that the owners of lots adjoining the streets and parts of streets in said town hereinafter named, shall, within ninety days from the taking effect of this ordinance, construct sidewalks thereon, on the parts thereof adjoining their respective lots, in the manner and of the material hereinafter provided.

"Sec. 2. The streets upon which sidewalks are to be constructed are the following, to wit: Liberty, Washington, Jefferson, Harrison, Crockett, Johnson, Pearl, and Commercial streets, commencing at Third street and running east to Tenth street; also Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth streets, commencing at Liberty, and north to Commercial.

"Sec. 3. The sidewalks of that portion of Liberty and Washington, and Third and Fourth streets, which bound the public square, shall be constructed of first class brick, and

shall be twelve feet in width, and the height of grade shall be six inches.

"Sec. 4. The sidewalks on all the above named streets, with the exception contained in section 3, shall be of gravel, and shall be eight feet in width, and six inches height of grade.

"Sec. 5. This ordinance shall be in force from and after its due and legal publication."

To this complaint a demurrer was filed, assigning for cause: First, that there is a defect of parties plaintiffs; second, the court has no jurisdiction of the subject or the parties; third, the complaint does not state facts sufficient to constitute a cause of action.

The court overruled this demurrer, and the defendants excepted.

Upon failure of defendants to answer over, the court found for the plaintiffs, and rendered judgment, perpetually enjoining the town of Covington from paying any money for work done under said ordinance, and the other defendants from prosecuting said work.

The correctness of the ruling of the court in overruling the demurrer to the complaint is the only question presented for our decision. The first cause of demurrer was, that there was a defect of parties plaintiffs. We think that the facts stated in the complaint are sufficient to authorize Joseph H. Nelson to prosecute the suit in his name for himself and on behalf of all others who are affected by the acts of the appellees. The complaint was certainly good as to Nelson.

The second cause of demurrer was, that the court had no jurisdiction of the subject-matter or of the parties. There is nothing in this objection. 2 G. & H., secs. 136, 137, pp. 131, 132, expressly confer jurisdiction on the common pleas court.

The third cause of demurrer was, that the complaint did not state facts sufficient to constitute a cause of action.

The complaint contains ten specific causes why an in-

junction should be granted. The demurrer admits the truth of these allegations. The second and third causes are, 2d, That two-thirds of the resident owners of real estate, in number or in value, have not petitioned for the work. 3d, Nor did a majority of all the residents on any of the said streets petition the trustees to make the said improvement.

Section 8 (3 Ind. Stat. 128) provides, that "whenever a majority of all the resident owners of any lots or parcels of land on any street or alley, not less than one square, to be estimated by numbers, or by measuring the front lines of such lots or parcels of land bordering thereon, shall petition the board of trustees of said town to grade, pave, gravel, or macadamize, or for either kind of said improvements, the board of trustees may cause the same to be done according to the specifications by them to be adopted, by contracts given to the best bidder, after advertising to receive proposals therefor."

The filing of the petition was necessary to confer jurisdiction upon the board of trustees. Without such petition, they had no power to pass the ordinance, or to make any contract in reference to the improvement of the said streets. Their whole action in the premises was absolutely void. It is not necessary to examine the other causes assigned for the injunction. The injunction was properly granted.

The judgment is affirmed, with costs.

*T. F. Davidson*, for appellants.

*S. F. Wood* and — *McWilliams*, for appellee.