## BURR v. THE TOWN OF NEWCASTLE.

TOWN.—*Power of Trustees.—Sidewalk.—Grade.*—The board of trustees of a town are authorized to establish the grades of streets, and to require the owners of lots, in constructing sidewalks, to make them conform thereto, without any petition on the part of property holders.

SAME.—*Certainty of Ordinance.*—An ordinance establishing the grades of certain streets in a town is not void for uncertainty, if the grades so established can be ascertained without difficulty.

From the Henry Circuit Court.

*J. T. Elliott, W. H. Elliott, J. Brown,* and *J. M. Brown,* for appellant.

*M. E. Forkner* and *E. H. Bundy,* for appellee.

BUSKIRK, C. J.—This was a proceeding by the appellee, to enjoin the appellant from constructing a sidewalk in front of his property, on the north side of Broad street, immediately east of Main street, upon the ground that he was constructing the same on a grade ten inches higher than that established by the ordinance of the said town.

A demurrer was overruled to the complaint, and this ruling is assigned for error and presents the first question for our decision.

Three objections are urged to the complaint:

1.  That the ordinance set out in the complaint is void, for the reason that it does not appear that a petition signed by a majority of all the resident owners of lots or parcels of land on said streets was presented to the board of trustees of said town prior to the passage of said ordinance, requesting the passage thereof.

2. That the ordinance in question is void for vagueness and uncertainty.

3. That the complaint is bad, because it does not specifically state what acts the appellant was doing in violation of said ordinance.

In support of the first objection, counsel for appellant refer us to the case of *The Town of Covington* v. *Nelson*, 35 Ind. 532.

Counsel for appellee contend that the ruling in the above case is wrong, and we are asked to overrule it. The question in that case involved the validity of certain proceedings relative to the construction of sidewalks, and we held that they were illegal, because the ordinance was not preceded by, and based upon, a petition signed by a majority of property holders, as required by section 8 of the act of April 27th, 1869. The forty-sixth section of the act providing for the incorporation of towns, etc., was amended in 1857 so as to require a petition of two-thirds of the property holders as the condition on which the trustees could order the improvement of streets, alleys, and sidewalks.

In deciding the case of *The Town of Covington* v. *Nelson*, *supra*, our attention was not called to an act entitled an act to compel owners of town lots to grade, and pave or plank sidewalks, etc., approved February 14th, 1859. 1 G. & H. 634. By such act, the trustees of towns are authorized to establish a grade and to compel the owners of lots to construct sidewalks, without any petition on the part of property holders. Similar power is conferred on the board of trustees by the ninth subdivision of section 22 of the original act for the incorporation of towns. 1 G. & H. 624.

In the case of *The Town of Covington* v. *Nelson*, *supra*, the

question involved was the right of the trustees to construct sidewalks at the expense of the property holders. The question involved in the present case is the right of the trustees to establish a grade, by which the town and property holders should be governed in reducing the streets and alleys to the grade established, and in the construction of sidewalks; which is a very different question from that involved and decided in the above case.

We entertain no doubt that the appellee possessed full power to establish the grade in question, without a petition on the part of property holders. The question here being different from that involved in the case we are asked to overrule, we decline to do so, but will wait to re-examine the question involved in that case until it is fairly presented.. To do so now would be *obiter*.

The ordinance in question is as follows:

" An ordinance to establish the grade of certain streets in the town of Newcastle, therein specified, requiring sidewalks, pavements, crossings, and gutters to be made in conformity thereto, and declaring an emergency. Ordained December 26th, 1872.

" Sec. 1. Be it ordained by the board of trustees of the town of Newcastle, that the grade of the several streets of the town of Newcastle, herein below named and specified, be and is hereby declared, defined, and established, as follows, viz.: Initial point of said grade, the top of a stone marked with a cross, and standing near north-west corner of Main and Broad streets, in said town; from said initial point west to the north-east corner of Broad and Court streets, about twenty-one rods; descent, three and eighty hundredths feet; grade per rod, two and seventeen hundredths inches.

" From the north-east corner of Main and Broad streets east to the corner of Broad and Elm streets; distance, about twenty-one rods; descent, two and seventy hundredths feet; grade per rod, one and fifty-four hundredths inches.

" From the north-east corner of Broad and Elm streets to the north-west corner of Broad and Mill streets; distance, about

twenty-one rods; descent, nine and eighty hundredths feet; grade per rod, five and twelve hundredths inches.

" From said north-west corner of Broad and Mill streets to Fort Wayne, Muncie, and Cincinnati Railroad; distance, about fifteen rods; descent, three and fifty-five hundredths feet.

" From south-east corner of Main and Broad streets to south-west corner of Broad and Elm streets; descent, three and eighty hundredths feet; grade per rod, two and seventeen hundredths inches; distance, about twenty-one rods.

" From grade stone at south-east corner of Broad and Elm streets east seventy-four feet; grade, ten inches; thence east to the south-west corner of Broad and Mill streets; distance, about sixteen and one-half rods; descent, nine and forty hundredths feet; grade per rod, six and eighty-five hundredths inches.

" From grade stone at south-west corner of Broad and Mill streets to Fort Wayne, Muncie, and Cincinnati Railroad; distance, about fifteen rods; descent, three and fifty-five hundredths feet; from north-east corner of Broad and Main streets to south-east corner of Main and Pearl streets; distance, about twenty-one rods; descent, five and ninety-seven hundredths feet; grade per rod, three and one-half inches.

" From north-west corner of Broad and Main streets to south-west corner of Main and Pearl streets; distance, about twenty-one rods; descent, five and ninety-seven hundredths feet; grade per rod, three and one-half inches.

" From north-west corner of Main and Broad streets to south-west corner of Main and Broad streets; distance, four rods; elevation, one foot; from thence south to the south-east corner of court-house square; distance, eighty rods; elevation, two and thirty-eight hundredths feet; from south-east corner of Broad and Main streets south to Robert Smith's corner; distance, eighty rods; elevation, two and thirty-eight hundredths feet; from this point south to the north-east corner of Main and Church streets; elevation, one and forty hundredths feet. Grade stones set at the several corners govern their opposite corners where there are no corner or grade stones planted.

"Sec. 2. All sidewalks, pavements, crossings, and gutters hereafter built, laid, or constructed along or upon said streets, are required to be made with reference to and in strict accordance with the grades as hereinbefore established."

The third section declares an emergency.

We think the above ordinance is not void for uncertainty. There would be no difficulty in ascertaining therefrom the grade established. That is certain which is capable of being made certain.

The third objection to the complaint is untenable. The complaint alleges, in plain and express language, that the appellant is constructing his sidewalk ten inches higher than the grade established by the ordinance, and ten inches higher than it had hitherto been maintained. It seems to us that the allegations are as certain and definite as they could be made.

The appellant answered in three paragraphs, as follows:

"Comes defendant and for answer to plaintiff's complaint says that neither before nor at the time of the passage of the ordinance of said board of trustees, fixing the grade of the sidewalk in front of the defendant's property on Broad street, in said town, referred to in said complaint, nor at any time since the passage of said ordinance, did a majority of all the resident owners of property bordering on said street, on either side thereof, or bordering on the sidewalk on the north side of said street, where the defendant's property is situate, petition the said board of trustees of such town to grade, pave, gravel, macadamize, or otherwise improve said sidewalk or said Broad street along or in front of the square in which said property is situate, nor was any petition for the improvement of said sidewalk, or portion of said street, signed by any number of the resident owners of property fronting on said street ever, at any time, filed with or presented to said board of trustees. Wherefore defendant says said board of trustees had no power or authority to pass said ordinance, and that the same is null and void; wherefore he prays judgment.

"2. The defendant further says that the property owned by him and the sidewalk of which the pretended grade was fixed

and established by the said board of trustees, has had erected thereon a block of buildings for twenty years last past, except the vacant ground described in the complaint was made vacant by the building thereon being consumed by fire last summer; that the buildings adjoining to and east of the property of the defendant, occupy and cover all the front ground for a space of two hundred feet, and the grade in front of said buildings has heretofore been fixed by the owners of said property at the height of the grade attempted to be established and fixed by the defendant, which would then leave the floors and front base stones of said buildings ten inches above the grade thus established by them; that said grade, as established by all the property holders next and adjoining to the said property of the defendant, is now ten inches lower than the grade as established and used on the opposite side of said street for twenty years, and ten inches lower than the grade on said opposite sidewalk as established by the ordinance set forth in the complaint; that at the time the pretended grade was established by said board, this defendant had no notice of the same, nor was any notice given to him or any of the other property holders along said street or sidewalk, nor had there ever been any established before that time by any board of trustees, town council or other authority, and if the grade set forth in the complaint shall be upheld and enforced against this defendant and the other property holders adjoining him, it will leave their floors, some of them twenty inches and some of them twelve inches, above the level of said grade, and none of them less than ten inches above said grade; that said buildings are constructed of brick and stone, and cannot be changed to conform to the grade thus sought to be enforced against this defendant and the other property holders, as aforesaid, without great and irreparable loss or damage. The defendant further avers that in case said grade is enforced, he will have to cut down his floors, as will also all the other property holders fronting on said sidewalk, from the corner of Main and Broad streets east to the livery stable, a distance of one hundred and thirty feet, in which

space there are six brick buildings, or they will have to place upon said sidewalk steps of the height of twenty inches to get into their buildings.    Said defendant further says that no damage has ever been paid or tendered to him for or on account of the establishment of said grade; he further says that the town board or trustees, nor no other public authority, have ever made, improved, or repaired said sidewalk.    Wherefore the defendant says that said ordinance, in so far as it affects this defendant, is unjust, illegal, and void.

"3. The defendant, for further and third paragraph of answer to the plaintiff's complaint, says, that since the commencement of this suit, to wit, on the 15th day of October, 1873, the trustees of said town, recognizing and agreeing that the grade as fixed by the ordinance set up in said complaint, for the sidewalk on the north side of Broad street, east of Main street, was wrong, unreasonable, and unjust, verbally agreed with the defendant (who is the owner of forty-five feet in width, fronting on Broad street, commencing at the corner of Broad and Main streets, and running east, and who has recently erected a new and permanent building, extending along his whole front on Broad street), that he might raise his pavement to a point at its south line, immediately south of his south-west corner, fixed by said trustees, and which is about four inches above the grade at the same point, fixed by said ordinance, and running thence east on the same level; that in pursuance of said agreement, he set his curbstone south of his west corner at a height so that a flag-pavement at that point will not be higher than agreed to by said trustees; that he set all his curbstone in front of his property, and has laid a part of his flagstone pavement, commencing on the east line of his building, and finds it to be on the south edge, or curbstone, at that point three inches above the level as agreed upon at the curbstone opposite the west line of said building; and thus making a descent from east to west, in a distance of forty-five feet, of three inches; which cannot, in anywise, be detrimental to said town, or to any property holder or any citizen thereof; wherefore he prays judgment."

The first paragraph of the answer presents the same question as that which we have already considered in passing upon the sufficiency of the complaint, and what we have said is decisive against such paragraph of the answer.

Counsel for appellant do not claim that the second and third paragraphs of the answer are good. The most that is claimed is, that they are good enough for a bad complaint.

Having reached the conclusion that the complaint is good, we must hold that there was no error in sustaining the demurrer to them.

The judgment is affirmed, with costs.