Case v. Fowler.

---

## CASE v. FOWLER.

TOWN.—*Street Improvement.*—*Notice of Letting.*—*Sunday.*—*Time.*—The board of trustees of an incorporated town. in advertising for proposals for certain street improvements, pursuant to the act of April 27th, 1869, 1 R. S. 1876, p. 890, caused a notice to be inserted in a public newspaper published on the 10th day of September, 1875, stating that proposals would be received up till "12 o'clock M. of Saturday, September 19th, 1875," but, the 19th being Sunday, the bids were opened, and the contract awarded, on the 18th, at 7:30 P. M.

*Held*, that the notice was sufficient to authorize the award.

From the Benton Circuit Court.

*J. M. LaRue, F. B. Everett, M. H. Walker* and —— *Smith*, for appellant.

*D. E. Straight* and *U. Z. Wiley*, for appellee.

WORDEN, J.—This was an action by Horace S. Case, against Moses Fowler, under the provisions of the act of April 27th, 1869, to enable incorporated towns to lay out, open, grade and improve streets and alleys, etc., 1 R. S. 1876, p. 890, to recover an assessment in favor of the former as a contractor, against the latter as a lot owner in the town of Fowler, for the expense of a street improvement.

Demurrer to the complaint for want of sufficient facts, sustained, and exception. Judgment for the defendant.

Error is assigned upon the ruling upon the demurrer.

The complaint, we think, states all the facts necessary to the plaintiff's right of recovery. It shows that the improvement was duly petitioned for, and that all the steps required by the statute were taken to authorize the work to be done at the expense of the adjoining property holders; that the work was duly let to the plaintiff, and has been performed by him to the acceptance of the board of trustees, and that the assessment has been duly made. Indeed, no objection is made to the complaint, save that the notice of the letting of the work was insufficient. The facts in relation to the notice are as follows:

On the 6th day of September, 1875, the board of trustees made an order that the clerk give notice of the letting of the work. On the 10th of the same month the following notice was published in " The Benton Democrat," viz. :

" NOTICE.

" Notice is hereby given that the board of trustees of the town of Fowler, Benton county, Indiana, will receive sealed bids for the improvement of Fifth Street, in said town of Fowler aforesaid, up to 12 o'clock M. of Saturday, September the 19th, A. D. 1875.

"Plans and specifications can be seen by calling upon the clerk of said town board. The board reserve the right to reject any or all bids. Attest," etc.

But September 19th, 1875, was Sunday.

On Saturday, the 18th day of that month, at half-past seven o'clock in the morning, the board of trustees met and opened and examined the bids, and, finding the plaintiff to be the lowest and best bidder for the work, the contract was awarded to him, and was drawn up and entered into on the 20th of that month.

There was evidently a mistake in the notice in naming Saturday as the 19th day of September, 1875.

And it is insisted by the appellee that the mistake entirely vitiated the notice. We, however, do not deem it of any importance. No one could have been misled by it. Any person having seen the notice would have seen that bids were to be received up to noon of Saturday; and he would reasonably have inferred that the Saturday intended was the one occurring the day before the 19th day of the month, and that by mistake it was called the 19th day of the month. He could not have reasonably inferred that the Saturday intended was any Saturday occurring after the 18th day of the month, because the first one after that date was the 25th day of the month, six days later than the date mentioned in the notice.

But suppose that the day of the month instead of the day of the week specified in the notice, should be held to control. The notice then might be read as if the day of the week had not been mentioned. It would then specify that bids would be received up to noon on the 19th day of September, 1875. But the 19th day being Sunday, no ordinary business could be legally transacted upon it; hence Saturday, the 18th day of the month, was the last day on which bids could be properly put in or received; and this must have been known to the bidders. The board of

trustees, then, having waited until after the close of ordinary business hours of the last day on which bids could be properly put in or received under the notice, was justified in then opening and examining the bids and awarding the contract.

We think that the notice was sufficient.

The statute does not provide for notice for any specified length of time. The 8th section of the act above mentioned provides, that "the board of trustees may cause the same" (the improvement) "to be done according to the specifications by them to be adopted, by contracts given to the best bidder, *after advertising to receive proposals therefor.*"

The advertisement in this case was published eight days before the opening of the bids and awarding the contract, and this we regard as reasonable notice.

We think the court below erred in sustaining the demurrer to the complaint.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.