### CASE ET AL. *v.* JOHNSON ET AL.

TOWN.—*Notice of Letting Contract for Street Improvement.—Sunday.— Time.*—An advertisement by board of town trustees, for bids for certain proposed street improvements, stated that bids would be received up to a certain hour on the following "Saturday, September 19th," but, the 19th being Sunday, the bids were opened and the contract let on the 18th. *Held*, that the notice was sufficient.

SUPREME COURT.— *Rehearing.—Failure to Pass on Pleading.*—A plaintiff can not complain, as ground for a rehearing, of the failure of the Supreme Court to pass upon the sufficiency of his own complaint, which has been questioned by the defendant only.

SAME —*Failure to Pass on Cross Error.*—Where a cause is reversed upon an error assigned by the appellant, the Supreme Court need not consider a question raised by a cross error.

From the Tippecanoe Circuit Court.

*R. C. Gregory*, *W. B. Gregory*, *J. M. Larue* and *F. B. Everett*, for appellants.

*J. R. Coffroth*, for appellees.

BIDDLE, J.—This suit was commenced in the Benton Circuit Court, and was sent to the Tippecanoe Circuit Court, by a change of venue. It was brought by the appellees, and seeks to enjoin the prosecution of certain works of improvement on a street in the Town of Fowler, in Benton county.

The complaint was answered, and trial had by jury, resulting in a verdict and judgment for the appellees, perpetually enjoining the further prosecution of the work. Appeal.

Several assignments of error are made in this court, and several questions presented by the record, but counsel for the appellant seem to think that there is but one leading question in the case, which is raised by sustaining a demurrer to the third paragraph of the answer, and by an instruction to the jury, namely, the sufficiency of the notice given by the Town of Fowler, of the letting of the work, which is as follows:

" LEGAL NOTICE.—NOTICE !

" Notice is hereby given that the Board of Trustees of the Town of Fowler, Benton County, Indiana, will receive sealed bids for the improvement of Fifth street, in said Town of Fowler aforesaid, up to 12 o'clock M., of Saturday, September 19th, A. D. 1875. Plans and specifications can be seen by calling upon the clerk of said Town Board. The Board reserves the right to reject any or all bids. O. BARNARD, President.

" Attest : J. F. WARNER, Clerk."

We understand the counsel for appellants to concede, that, if the notice is insufficient, the letting of the work can not be upheld, and that the judgment is therefore right. But counsel for appellees contend, that, if the notice

Case *et al.* v. Johnson *et al.*

should be held good, there are other grounds in the record upon which the judgment should be affirmed. We will first examine the question as to the sufficiency of the notice. By the notice, bids were to be received up to 12 o'clock M. on Saturday, September 19th, A. D. 1875; by the facts in the case, the bids were received and the work let on Saturday, the 18th day of September, A. D. 1875, the 19th day of September, 1875, being Sunday. This notice has already been held good by this court. *Case* v. *Fowler*, 65 Ind. 29. The error, therefore, in holding the notice insufficient, must reverse the case.

It is unnecessary to examine the subsequent questions, for, however much there may be in them to affirm the judgment, were the first error out of the way, it would avail nothing. The instruction to the jury, that, if no other notice than the one in question had been given, they should find for the plaintiffs, might have been, and probably was, as it lay at the foundation of their right, the only reason why the jury found for the plaintiffs; at least we can not say that it was not the reason, and thereby affirm the judgment upon subsequent grounds. They may not have considered any other question in the case, and yet, under the instructions of the court, properly returned the verdict they did, as they were bound by that instruction.

The appellees have assigned cross errors, and ask us to examine them, but we can not see that it is necessary; for, if they should be found in their favor, it would make no difference in the judgment for costs, because the first error in the case is against the appellants.

The judgment is reversed, at the costs of the appellees; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.

### ON PETITION FOR A REHEARING.

BIDDLE, C. J.—The appellees insist upon a rehearing, because we have not decided the question of the sufficiency

of the complaint raised by the demurrer of the appellants.

We do not see upon what ground the appellees can complain because we have not decided a question raised by appellants, when the appellees have not raised the same question; nor do we know of any way by which a party can raise the question of the sufficiency of his own complaint, when it has been held good in his favor. The question was not necessary to the determination of the case, and therefore we did not decide it; and the omission is certainly no injury to the appellees. If either party could complain of the omission, it would be the appellants.

Secondly. They insist that we have erred in holding the notice to receive bids for the work sufficient. We think not. The same notice had already been held sufficient by this court. With that ruling we are satisfied, and therefore decline to overrule it.

Thirdly. The appellees also complain because we have not decided the questions presented by their cross errors. As we were compelled to reverse the judgment on the instruction of the court, in effect, holding the notice insufficient, it was not necessary to examine the questions raised by the assignment of cross errors; and the failure to do so can in no wise injure the appellees. The cross errors go to the pleadings, which, as the cause must be remanded for another trial, may be reconstructed by either party. If reconstructed, of course our decision upon them, as they now stand, would be valueless to the case; if not reconstructed, and the questions presented by the cross errors are in this form, the appellees have still the advantage of them; and, if against them, of course they have lost nothing. As the record does not require us to decide any question beyond that which determines the case, a decision upon the assignments of cross error would simply be advisory.

The petition is overruled.

Original opinion filed at November term, 1879.

Opinion overruling petition for a rehearing filed at May term, 1880.