No. 7595.

THE TOWN OF AUBURN v. ELDRIDGE ET AL.

TOWN. — *Sidewalk.* — *Pleading.* — *Complaint.* — In an action by a town against a property owner, to recover for constructing a sidewalk along his lot, under the provisions of the act of 1859, 1 R. S. 1876, p. 895, a complaint showing a general and substantial compliance with the provisions of said act is sufficient on demurrer, and the allegation that the work was "duly completed" is a sufficient averment that the walk was completed in accordance with the specifications of the ordinance.

SAME. — *Ordinance.* — *Exhibit.* — In such action, the ordinance to compel owners of lots to construct sidewalks is not such, an instrument as becomes a part of the complaint by filing a copy therewith.

From the DeKalb Circuit Court.

*W. L. Penfield* and *C. E. Emanuel*, for appellant.
*H. C. Peterson* and *W. H. Dills*, for appellees.

NIBLACK, J.—Action by the town of Auburn against Salinda Eldridge and Edward Eldridge, her husband, to enforce a lien upon certain lots in that town for street improvements. The complaint was in two paragraphs. The first paragraph averred that, on and prior to the 3d day of April, 1876, Salinda Eldridge was, and still is, the owner in fee of lot No. 10 on the original plat of said town of Auburn; that on that day the board of trustees of said town enacted an ordinance requiring the construction of a sidewalk along the south end of said lot, to be made not less than six feet wide, on a grade with the street crossings between which it should be constructed, to be composed of sound oak or pine lumber; if made of oak lumber, the plank to be not less than one and one-fourth inches thick, nor more than eight inches wide, placed upon three sleepers running lengthwise of the walk, of not less than three by five inches in dimensions; if laid of pine lumber, to consist of sound lumber not less than one and one-half inches thick, nor more than twelve inches wide, placed upon sleepers running crosswise of said sidewalk at intervals of not more than four feet, said sleep-

ers to be not less than three by five inches in dimensions, and of either oak or pine lumber; that said ordinance was to take effect in ten days after its publication; that it was published in the DeKalb County Republican, a newspaper published in said town, on the 6th day of April, 1876; that by said ordinance said walk was required to be completed within thirty days after the taking effect of such ordinance; that the defendants failed and refused to comply with said ordinance, and to construct said sidewalk; that thereupon, on the 16th day of September, 1876, the marshal of said town let out the planking and furnishing of said walk to Russell Bumpus and Jacob Hollinger, the lowest and best bidders therefor, said marshal having first given due notice of the letting out of such work; that said planking was duly completed by said Bumpus and Hollinger, such completion being reported by said marshal to the board of trustees of said town, and the cost of said work, amounting to forty-one dollars, being audited and paid out of the treasury of said town; that said sum, with interest and certain costs, is a lien upon said lot and due from the defendants, never having been paid by them. Wherefore the plaintiff demanded judgment and the enforcement of a lien against the lot described as above.

The second paragraph was substantially the same as the first, except that its object was to enforce a lien against lot No. 31 on the original plat of said town, for the sum of $36.54, with interest and certain costs thereon. A copy of the ordinance was filed with the complaint.

A demurrer for want of sufficient facts was sustained to both paragraphs of the complaint, and, the plaintiff failing to plead further, final judgment upon the demurrer was rendered in favor of the defendants.

The proceedings of the trustees of the town of Auburn, upon which this action is based, were taken under "An act to compel owners of town lots to grade, and pave or plank

sidewalks, and fixing the penalty thereto," approved February 14th, 1859, 1 R. S. 1876, p. 895 ; and, so far as we have been able to observe, the averments in both paragraphs of the complaint show a general and substantial compliance with the provisions · of that act.    *Burr* v. *The Town of New Castle,* 49 Ind. 322.    Both paragraphs might, perhaps, have been required to be made more certain as to the nature of the contract let to, and as to the work done by,. Bumpus and Hollinger, but that is a question which was not raised by the demurrer to the complaint.    The only specific objection urged to the complaint is, that it did not aver that the sidewalks were completed in accordance with the specifications of the ordinance.    In that respect, however, we think the allegation that the work was "duly completed" by the contractors, was sufficient under the act of February 14th, 1859, *supra.*    All the other objections urged to the complaint are addressed to the ordinance, upon the theory that it became a part of the complaint by the filing of a copy of it with the complaint.    But the ordinance was not such a document as became a part of the complaint by the filing of a copy with that pleading.    *Matheney* v. *Earl,* 75 Ind. 531.

The questions attempted to be made upon the sufficiency of the ordinance, at the present hearing, might properly have been brought to the attention of the court by objections to its admissibility in evidence, in the event that a trial had been reached, but they are not now before us in such a way as to either authorize or require any decision upon them.

The judgment is reversed, with costs, and the cause remanded for further proceedings.