No. 9671.

## MENDENHALL *v.* CLUGISH ET AL.

Town.—*Street Improvement.—Assessment.—Complaint.—Exhibits.*—In an action by a contractor against the owner of a town lot to enforce an assessment thereon for a street improvement, the complaint must aver the cost of the improvement, the length of the improved line upon the street, and the length of the front line of the lot; otherwise the complaint is insufficient on demurrer, and exhibits attached to such complaint, other than the copy of the assessment, can not be considered in determining its sufficiency.

Same.—*Widening Streets.—Statute Construed.*—Under the act of April 27th, 1869, 1 R. S. 1876, p. 890, sections 3368, 3364, R. S. 1881, an incorporated town has no authority to order, in the same proceeding, a street to be widened, graded and gravelled; as the proceeding to widen is distinct from a proceeding to grade and gravel, and these proceedings can not be blended, and an assessment made by virtue of such order is void.

From the Henry Circuit Court.

*W. Grose* and *J. Brown,* for appellant.

Best, C.—This action was brought by the appellees against the appellant to recover such sum as had been assessed to him for street improvements made in front of his property. The complaint averred that a majority of all the resident owners of lots or parcels of land, not less than one square, bordering on Indiana Avenue street, in Newcastle, Indiana, filed their petition with the board of trustees of said town, asking that said street be graded and gravelled, and the sidewalks graded, gravelled and paved, between certain points named; that the board granted the prayer of the petition, established the grade, adopted specifications, ordered the work to be done at the expense of the abutting property holders, advertised for bids, and afterwards accepted the bid of the appellees, which was to do the cutting for eighteen cents per yard, the filling for nothing, and to furnish gravel from a certain pit for forty cents per perch, in accordance with the ordinance, profile and specifications; that the contract was reduced to writing, and afterwards the appellees fully completed the work in accord-

ance with their contract; that afterwards and on the 10th day of November, 1880, the board of trustees of said town declared that the sum of 38.5 cents per lineal foot was due the appellees from the persons owning property abutting on said avenue, between said points, and then assessed against the property holders on said street the amounts due respectively from each, and required the same to be paid to the appellees. The complaint then proceeds thus: "And" (said trustees) "required the said defendant to pay to said plaintiffs, for the improvement of said street, the sum of $139.36, the same being the amount and proportion of the cost of said improvement due from him, he then and there and still being the owner of certain lots and parcels of land abutting upon said street so improved as aforesaid; that said estimate, assessment and requirement being then and there, and at the same time, made upon all and each of the owners of lots and parcels of land abutting on said street so improved, between the points named in said ordinance, profile and specifications, copies of which petition, profile, specifications, ordinance, sealed proposal, advertisement, contract, estimate and assessment are herewith filed and made a part of this complaint; that said defendant has wholly failed and refused to pay said sum so assessed against his said property, or any part thereof, and that the same is due and wholly unpaid. Wherefore," etc.

A demurrer for the want of facts was overruled to the complaint and a like demurrer was sustained to the answer, after which the appellant declining to further plead, final judgment was rendered against him for the amount of the assessment.

These rulings are assigned as error.

The exhibits filed with the complaint, aside from the assessment, which is the foundation of the action, are not a part of the complaint and can not be considered in determining its sufficiency. Moore v. Cline, 61 Ind. 113.

The statute which authorizes these improvements to be made, and the cost of them to be assessed against the owners of abutting property, provides that "the cost of any such improve-

ment shall be estimated according to the whole length" of the part of the street to be improved, " per running foot," and " the owners of lots or parcels of land bordering on  *  *  * the part thereof to be improved, shall be liable to the contractors for their proportion of the cost of such improvement in the ratio of the first line of lots, or parcels of land owned by them, to the whole improved line." 1 R. S. 1876, p. 893, sec. 9.

It will be observed that the complaint fails to aver the cost of the improvement, the length of the front line of the lots and parcels of land owned by the appellant abutting upon the part of the street so improved, and fails to give the length of the whole improved line.   In the absence of these averments it is impossible to determine whether the appellant was liable for the amount assessed.   The assessment itself does not supply this omission.   It simply gives the names of the persons, the number of feet and the amount .assessed to each person. The aggregate number of feet mentioned is not equivalent to an averment that such number is the length of the whole improved line; nor is the sum of all the assessments equivalent to an averment that the improvement cost such sum.   For the want of these averments the complaint was defective, and the demurrer should have been sustained.   *Overshiner* v. *Jones,* 66 Ind. 452.

Having reached the conclusion that the complaint was insufficient, it would seem unnecessary to determine the sufficiency of the answer; but, as the complaint may be readily amended, the question arising upon the demurrer to the answer will probably again arise, and the question will now be considered as though the complaint was sufficient.

The substance of the answer was that that portion of Indiana Avenue street sought to be improved, lying between Mill street and the railroad, a distance of forty rods, was but thirty-three feet in width; that said portion of said street had been graded and improved to such width for fifteen years, and that appellant's property, mentioned in the complaint, lies upon

the south side and abuts such portion of said street; that upon it he has his dwelling-house, and along the line of the street has a picket fence, and that such street in front of his property has been graded to the depth of three feet; that the petition mentioned in the complaint, and which sought to have the street graded and gravelled, also asked the board of trustees to widen such portion of said street to the width of forty-three feet; that the prayer of said petition was granted, a survey made, a profile filed, an ordinance passed and specifications adopted, as averred in the complaint; that these proceedings provided that such portion of said street should be widened to the width of forty-three feet, and that the same embraced a strip of appellant's land, of one-half of the increased width, not before included in said street; that the contract of appellees obligated them to widen, grade and gravel said street in accordance with the ordinance, specifications, etc., and that the assessment sued upon was made for improvements made in widening, grading and gravelling said street, its sidewalks, etc., in pursuance of said proceedings, and not otherwise.

The second section of the act of April 27th, 1869, provides that "When, upon petition signed by twelve freeholders, residents of any town, the board of trustees of such town may be of the opinion that public convenience requires the * widening * of a street or alley already opened, the board of trustees shall appoint three commissioners, residents of said town, who shall be disinterested freeholders, to appraise and assess the damages and benefits accruing to the owner of any land or lot through which any street or alley is proposed to be constructed or altered;" shall fix a time for them to meet to make the appraisement and shall give them a complete description of the premises to be viewed. Other provisions of the same act provide for an examination of the premises proposed to be appropriated, the assessment of the benefits received and the damages sustained, the report of such assessment to be made to the board of trustees, and authorize them,

in case they accept the report, to pay the damages, collect the benefits and proceed with the proposed improvement.

Section 8 of the same act provides that whenever a majority of all the resident owners of any lots or parcels of land on any street or alley, not less than one square, to be estimated by numbers, or by measuring the front lines of such lots or parcels of land bordering thereon, shall petition the board of trustees of any town to grade, pave, gravel or macadamize the street, the board of trustees may cause the same to be done, according to specifications to be adopted, by contracts given to the best bidder after advertising to receive sealed proposals therefor. Other provisions of the act provide that the cost of the improvement shall be borne by the abutting land-owners.

These various sections of the statute authorize the board of trustees of a town to widen a street and to grade and gravel it. It is manifest, however, from an examination of them that two distinct proceedings are contemplated, one to widen the street and the other to grade and gravel it. The one seeks the appropriation of property in order to establish a street upon it, and the other merely authorizes the improvement of a street already established. The two proceedings can not be blended. Each procedure is distinct; the objects to be accomplished are different, and the rights of the parties interested can not thus be protected. The owner of the land sought to be appropriated to widen a street is entitled to have his damages assessed and paid before the improvement is made; while the proceeding to grade and gravel a street contemplates no such appropriation, nor does the statute make any provision for the assessment of damages in such proceeding. The proceeding presupposes the requisite appropriation, and, unless it has been made, the board of trustees have no authority to order such unappropriated strip of land to be graded and gravelled as a street. If the board possessed such power, it would follow that the appellant's land could be taken without the assessment and payment of damages. This

the law does not authorize.    The land of appellant, not having
been appropriated, the board of trustees had no authority to
order the improvement, and hence the assessment was void.
The answer, in our opinion, was sufficient, and the demurrer
to it improperly sustained.    For these reasons we think the
judgment should be reversed.

Per Curiam.—It is therefore ordered, upon the foregoing
opinion, that the judgment be and it is hereby in all things
reversed, at the appellees' costs, with directions to sustain the
demurrer to the complaint, with leave to amend, etc.