# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1883, IN THE SIXTY-EIGHTH YEAR OF THE STATE.

———————◆———————

### No. 10,193.

### CASE ET AL. v. JOHNSON ET AL.

TOWN.—*Street Improvement.*—*Board of Trustees.*—*Jurisdiction.*—*Petition of Resident Lot-Owners.*—Under section 3364, R. S. 1881, the board of trustees of an incorporated town acquire jurisdiction of the improvement of a street within the town only when a majority of all the owners of any lots or parcels of land abutting on the street, residing within the town, shall petition the board of trustees for such improvement.

SAME.—*Contract with Town Trustee.*—*Violation of Penal Statute.*—Under the provisions of the act of December 21st, 1872, defining certain felonies and declaring contracts in respect thereto void (2 R. S. 1876, p. 454; sec. 2049, R. S. 1881), any contract or agreement made by the board of trustees with any town trustee or other officer of the town, for the construction of any public work of any kind for the use of the town, is absolutely void.

SAME.—*Compliance with Statute.*—*Uniform Rule.*—In all such cases the rule is uniform that there must be a strict compliance with the provisions of the statute; otherwise the proceedings are illegal and void.

From the Tippecanoe Circuit Court.

*R. C. Gregory, W. B. Gregory* and *F. B. Everett,* for appellants.

*J. R. Coffroth,* for appellees.

(477)

Howk, C. J.—This case is now before this court for the second time. *Case* v. *Johnson*, 70 Ind. 31. On the former appeal it was held, by this court, on the authority of *Case* v. *Fowler*, 65 Ind. 29, that an instruction of the trial court was erroneous, and the judgment was reversed and the cause remanded for a new trial.

The suit was commenced by the appellees, seven in number, in the Benton Circuit Court, to enjoin the appellants, Case and Jones, from improving Fifth street, in the town of Fowler, in Benton county, under alleged contracts between them and the trustees of the town, for such improvement. The record shows that the town trustees, on the 18th day September, 1875, awarded the contract for four of the five sections of such street improvement to the appellant Case, and for the other section thereof to the appellant Jones; that, on September 20th, 1875, Case's written contract and bond for making such improvement were formally executed; that, four days afterwards, to wit, on September 24th, 1875, this suit was commenced; that, notwithstanding the institution and pendency of this suit, Case proceeded with the improvement of the sections of the street awarded to him; and that, on October 1st, 1875, one week after the institution of this suit, the town trustees rescinded their order awarding a section of the street improvement to the appellant Jones, and without any other or further notice awarded such section to the appellant Case, and ten days thereafter entered into a written contract with him therefor.

On the 16th day of November, 1875, the appellees filed, in the Benton Circuit Court, an amended complaint, wherein they alleged, among other things, that the appellant, the Town of Fowler, was an incorporated town organized under the general laws of this State, for the incorporation of towns; that the town board consisted of three trustees, of whom the appellant Jones was one, and the appellant Case was the assessor of such town.

"That at a meeting of said board of trustees, to wit, on the

28th day of July, 1875, the said defendant Case presented to said board a petition asking that Fifth street, in said town of Fowler, be properly graded and gravelled, commencing at the west line of Railroad street, where the same crosses said Fifth street, and from thence to the east line of the corporation; that said Case, then and there, represented to said board that said petition was signed by a majority of all the resident owners of the lots and parcels of land abutting on said portion of said Fifth street, so asked to be improved as aforesaid; that the said board, at their said meeting, granted the prayer of said petition and ordered said improvement to be made.

"That afterwards, to wit, on the 30th day of August, 1875, the said board met and adopted a grade for said portion of said street; and also, that the proposed grading and gravelling of said street be divided into sections; and also ordered that the clerk should give notice that the board would receive sealed proposals for the making of said improvement by sections.

"That afterwards, to wit, on the 10th day of September, 1875, the said clerk of said town caused to be published in the Benton Democrat, a weekly newspaper, published and of general circulation in said county, the following notice, to wit:

### "'LEGAL NOTICE—NOTICE!

"'Notice is hereby given that the board of trustees of the town of Fowler, Benton county, Indiana, will receive sealed bids for the improvement of Fifth street, in said town of Fowler aforesaid, up to 12 o'clock M., of Saturday, September 19, A. D. 1875; plans and specifications can be seen by calling upon the clerk of said town board. The board reserves the right to reject any or all bids.

"'O. BARNARD, President.
"'Attest: J. F. WARNER, Clerk.'

"That the same was the sole and only notice ever given for the letting of the contracts for said improvement.

"That afterwards, to wit, on the 18th day of September,

1875, the said board met and awarded a pretended contract for the making of a part of said improvement, to wit, said sections or divisions numbered one, two, four and five (1, 2, 4 and 5), to said defendant Case; and also at the same time awarded a pretended contract for the making of a part of said improvement, to wit, section numbered 3, to said defendant Wm. M. Jones, who was then and still is one of said trustees.

"That afterwards, to wit, on the 20th day of September, 1875, the said board met and entered into a pretended written contract with said Case for making a portion of said improvement, and accepted the bond of said Case for the performance of the same, to wit, sections one, two, four and five.

"That afterwards, to wit, on the first day of October, 1875, the said board met, and rescinded its said order, dated September 18th, 1875, awarding said pretended contract for the making of a part of said improvement, to wit, section or division numbered three (3) to said defendant William M. Jones; and thereupon, without any other notice whatever, awarded a pretended contract for the making of said part of said improvement, to wit, said section or division numbered three (3) to said Case; that afterwards, to wit, on the 11th day of October, 1875, the said board met and entered into a pretended written contract for the making of said last mentioned portion of said improvement with said defendant Case, and accepted his bond for the performance of the same.

"That pursuant to said pretended proceedings of said board, and pursuant to said pretended contracts, but after the commencement of this action, the said defendant Case proceeded towards the making of the whole of said improvement, and that afterwards, to wit, on the 24th day of October, 1875, the said board met, and upon the application of said defendant Case, granted him an estimate for the portion of said improvement so then done by him, and ordered that the same should be liens on the lots and parcels of land abutting upon said portion of said street; and that afterward, to wit, on the 5th day of November, 1875, the said Case instituted in this

honorable court at the present term thereof civil actions against each of these plaintiffs, to recover from each of them the amount of the said estimate so pretended to be made chargeable against them respectively, and that said actions are now pending in this court.

" 1. That a majority of the owners in number of said lots and parcels of land abutting upon said portion of said Fifth street so to be improved as aforesaid, or the majority of the owners of such lots and parcels of land, measuring the front lines of the same, residing in said town of Fowler, at the time of presenting said petition to said board, as aforesaid, had not signed said petition, or authorized the same to signed for them; and that the persons whose names appear upon said petition did not at said time constitute a majority of such resident owners of lots and parcels of land abutting upon said portion of said Fifth street either in number or amount of frontage of such lots or parcels of land abutting.

" 2. That said petitioners asked that said Fifth street might be improved, as a whole, from the west line of Railroad street, where the same crosses the said Fifth street, to the east line of the corporation, and the said board granted said prayer, and ordered said improvement to be so made; that afterwards the said board, without the consent of said petitioners, ordered that said improvement should be made in five separate sections or divisions, and ordered the clerk of said town to give notice for the letting of the said work in sections as aforesaid; that the said clerk disregarded the order of said board, and gave notice that said work should be let as an entirety; the only notice ever given for the letting of the contract for said improvement was the notice hereinbefore set forth.

" 3. That said board let the said contract for the making of said portion of said improvement, to wit, sections numbered 1, 2, 4 and 5, in sections as aforesaid, to said Case, without any notice whatever of such letting.

" 4. That said board let a portion of said improvement, to

wit, said section or division three (3) to said William M. Jones, who was at the time a member of said board.

" 5. That said board let a portion of said improvement, to wit, said section or division No. three (3) to said Case, without any notice whatever.

" 6. Said board let said pretended contracts for said improvement, on *Saturday, the* 18*th* day of September, 1875, under said notice that they would let the same on *Saturday, the* 19*th* day of September, 1875, no other notice having been ever given."

Then follow averments that plaintiffs were each the owners of real estate which abuts upon said proposed improvement.

" That at all times, from the commencement of said proceedings until the commencement of this action, they protested against the same, and notified said defendants that they would not be bound by said proceedings, and would not pay any part of the cost of said proposed improvement." Wherefore, etc.

The cause was put at issue and submitted to the court for trial, and, at the request of the parties, the court made a special finding of the facts, and stated its conclusions of law thereon, in substance, as follows:

The following is a substantial statement of the facts found:

That said town of Fowler is, and was at the time hereinafter mentioned, incorporated pursuant to the general law of this State for the incorporation of towns; that Obed Barnard, John M. Dickson and the said appellant Jones were the only trustees of said town; and said appellant Case, during the time aforesaid, was the assessor of said town.

That on the 18th of July, 1875, appellant Case presented to said board of trustees a petition asking for the improvement of that portion of Fifth street which lies between Railroad street and the east line of the town, and which is over one mile in length. The improvement was to be by grading and gravelling. The petition was signed by a number of persons, some of whom signed only the initials of their Christian

names.   Case's affidavit was endorsed on this petition, and stated " that the above and foregoing petition contains the signatures of a majority of all the resident property owners residing on said Fifth street, in the town of Fowler, from the crossing of the C. L. & C. railroad to the east boundary line of the corporation."

The following is the finding of the board as to the signing of the petition :   " Which petition was duly signed by a majority of all the resident property owners fronting on each side of said street, upon the line of the proposed work, due proof of which was duly made by the affidavit of Horace S. Case, attached to said petition."   That thereupon the board ordered the street to be improved as prayed for.

August 30th, 1875, the board adopted plans and specifications for the improvement, and ordered that the work should be divided and let in five different sections, which should be numbered sections 1, 2, 3, 4 and 5, and directed the town clerk to advertise that the work would be let separately in said five different sections.

September 10th, 1875, the clerk caused a notice of the letting of the work to be published one time in the county paper.   This was the only notice, and a copy of it has already been set forth.   Pursuant to this notice on Saturday, September 18th, 1875, the board awarded a contract for the improvement of sections 1, 2, 4 and 5 of said street to appellant Case, and awarded section 3 to said trustee Jones.   The only bidders for any portion of said work were said Case and Jones, and also said appellees Johnson and Duncan McA. Williams. The said Johnson and Williams only bid on section 4.   The length of the whole improvement is 5,534 feet, and the length of section 3 is 710 feet.

September 20th, 1875, Case entered into a written contract with the board, and also gave bond for the improvement of said sections 1, 2, 4 and 5 of said street.   Four days after this (September 24th) this suit was begun.   October 1st, 1875, (one week after this suit was begun) the board rescinded its

order of September 18th, whereby it had awarded a contract for the improvement of said section 3 to trustee Jones, and, without any additional notice of letting, awarded a contract for said section 3 to said Case; and on the 11th day of October, 1875, Case entered into a contract with the board (and two days thereafter gave bond), for the improvement of said section 3.

That pursuant to said proceedings and said contracts the said Case proceeded towards the making of said improvement; that on the 27th of October, 1875, the board granted him partial estimates for his work; that upon these he had instituted suit against each of the appellees in the Benton Circuit Court, to enforce a lien upon the property of each of them abutting on said street; and that these suits were pending at the time of the filing of appellees' amended and supplemental complaint.

The court then finds that each of the appellees (except Duncan McA. Williams, who was joined as a plaintiff because he was the husband of said appellee Elizabeth) is the owner of real estate which abuts upon said improvement, and which is described in the complaint.

"That from the commencement of said proceeding until the commencement of this action the said plaintiffs objected to the making of said improvement, and protested against the same, and informed said defendants of their said objection, and as soon as they, the plaintiffs, were informed of the awarding of said contracts by the said board to said defendants Case and Jones, to wit, on the 21st day of August, 1875, they, the plaintiffs, employed attorneys at law to institute an action to enjoin said defendants from proceeding any further with the making of said proposed improvement, under and by virtue of the proceedings aforesaid; and pursuant to such employment said attorneys instituted this action on the said 24th day of September, 1875," and applied to the judge of the court for a temporary injunction, but the same was refused.

Case et al. v. Johnson et al.

That said board let the contracts for the improvement of said several sections of said street for the following prices:

Section 1 . . . . . . . . for $1.45 per lineal foot.
" 2 . . . . . . . . " 1.65 " " "
" 3 . . . . . . . . " 1.70 " " "
" 4 . . . . . . . . " 2.00 " " "
" 5 . . . . . . . . " 3.00 " " "

And that said Case had done $50 in value of labor on said improvement before the commencement of this action.

" Upon the facts there found, and as a conclusion of law, I find for the plaintiffs, and that they are entitled to a perpetual injunction in the premises.

(Signed) " DAVID P. VINTON, Judge."

Over appellants' exceptions to the conclusion of law, the court rendered its judgment and decree in accordance therewith, perpetually enjoining the appellants and each of them, their agents and attorneys, from proceeding any further with the improvement of Fifth street, in the town of Fowler, under the aforesaid contracts, or either of them; and that the appellant Case, his agents, and attorneys, be perpetually enjoined from prosecuting further his suits against each of the appellees then pending in the Benton Circuit Court, to recover the amounts of the several assessments mentioned in the complaint, and that each of the suits be dismissed by the appellant Case, at his costs.

From this judgment and decree the appellants have appealed to this court, and have here assigned as error that the trial court erred in its conclusions of law upon the facts specially found by the court.

The town of Fowler was incorporated under and pursuant to the general laws of this State, for the incorporation of towns. In section 3364, R. S. 1881, in force since April 27th, 1869, it is provided as follows:

" Whenever a majority of all the resident owners of any lots or parcels of land on any street or alley, not less than one square (to be estimated by numbers or by measuring the

front lines of such lots or parcels of land bordering thereon), shall petition the board of trustees of such town to grade, pave, gravel, or macadamize, or for either kind of said improvement, the board of trustees may cause the same to be done according to the specifications by them to be adopted, by contract given to the best bidder, after advertising to receive proposals therefor."

In *Town of Covington* v. *Nelson*, 35 Ind. 532, in construing the provisions of the section quoted, this court said: " The filing of the petition was necessary to confer jurisdiction upon the board of trustees. Without such petition, they had no power to pass the ordinance, or to make any contract in reference to the improvement of the said streets. Their whole action in the premises was absolutely void." So, also, in *Anthony* v. *Williams*, 47 Ind. 565, the court said: " In every case where an incorporated town seeks to improve the streets within its limits at the expense of the parties whose lots border upon the street, except in the case of a street 'around' the public square, there must be a petition signed by a majority of the property-owners upon which to base the action of the board; there must be specifications sufficient to show the kind, and quantity, and location of the work to be done; there must be an advertisement for proposals to do the work; a contract to do the work according to the specifications must be entered into," etc. To the same effect, substantially, are the following cases: *Moore* v. *Cline*, 61 Ind. 113; *Anthony* v. *Cooley*, 61 Ind. 323; *Overshiner* v. *Jones*, 66 Ind. 452; *Town of Tipton* v. *Jones*, 77 Ind. 307; *Mendenhall* v. *Clugish*, 84 Ind. 94.

Under the statute, it is necessary to the jurisdiction of the board of trustees of the town, over the subject-matter of the improvement of a street therein, that " a majority of all the resident owners of any lots or parcels of land," on such street, " shall petition the board of trustees of such town," for such improvement. There are two modes provided in the statute for estimating such " majority," namely: 1.

By numbers, if the lands abutting on the street are platted into lots, and the lots numbered; or, 2. By measuring the front lines of the lots or parcels of land bordering on such street. If the first mode be adopted, the petition must be signed by the resident owners of a majority in number of all the lots or parcels of land on the street to be improved; or, if the second mode be adopted, then the petition must be signed by the resident owners of the majority, or the greater part of the measured front lines, of the lots or parcels of land bordering on such street. The language of the statute is, by no means, free from ambiguity or uncertainty; but the construction we have given it seems to us to conform to the intent of the Legislature.

The court found, as a fact, that a petition was presented to the board of trustees of the town of Fowler for the improvement of Fifth street therein; and this petition is set out at length in the special finding of facts. The petition did not purport, on its face, to be signed by a majority of all the resident owners of the lots or parcels of land on Fifth street; nor did the evidence, upon which the board of trustees of the town seem to have acted in assuming jurisdiction of the improvement of the street, show or tend to show that the petition was signed by such a majority, in whatever mode the majority might be estimated. The statute requires that " a majority of all the resident owners of any lots or parcels of land," on the street to be improved, shall petition the board of trustees of the town for the proposed improvement, before the board is authorized to cause the improvement to be made. Manifestly, the petition of *less* than a majority of such resident owners would not confer jurisdiction of the contemplated improvement upon the board of trustees, nor authorize such board to cause the improvement to be made.

The record of the proceedings of the board of trustees of the town of Fowler, upon the petition for the improvement of Fifth street therein, was found as a fact by the court, and is set out in full in its special finding of facts. If this record

were wholly silent in relation to the evidence, upon which the board of trustees found and determined that the petition was signed by a majority of all the resident owners of the lots or parcels of land bordering on Fifth street, possibly it might be presumed in aid of the proceedings of the board, that its finding upon this jurisdictional question had been made upon sufficient evidence. But the record contains the entire evidence, upon which the board of trustees made its finding that the petition for the improvement of Fifth street had been signed by a majority of all the resident owners of lots or parcels of land on such street. In such a case the question is not one of presumptions, for none can be indulged; but it is a question, purely and simply, whether or not the evidence authorized the finding or conferred jurisdiction.

The entire evidence, upon which the board of trustees of the town of Fowler made its finding and assumed jurisdiction of the improvement of Fifth street, is contained in the affidavit of the appellant Case, attached to and following the petition. In his affidavit the appellant Case, on his oath, said, that " The above and foregoing petition contains the signatures of a majority of all the resident *property*-owners *residing* on said Fifth street, in the town of Fowler, from the crossing of the C., L. & C. Railroad to the eastern boundary of the corporation of said town." That this affidavit was the only evidence adduced before the board of trustees, is clearly shown by the record of the board, wherein it is stated that the " petition was duly signed by a majority of all the resident property-owners fronting on each side of said street, upon the line of the proposed work, due proof of which was duly made by the affidavit of Horace S. Case, attached to said petition." Certainly, this finding and conclusion of the board of trustees, upon the question of its jurisdiction of the proposed improvement of Fifth street, were not authorized by Case's evidence as set forth in his affidavit; for it was not shown by this affidavit, that the petition was signed by a majority of all the resident owners of the lots or parcels of land *fronting* on

the street; or, indeed, that it was signed by any owner of a lot or parcel of land, unless it can be said that the words "property-owners" necessarily mean owners of real property. Even if this could be said, the evidence would still be insufficient, because it would only show that the petition was signed by a majority of all the resident property-owners *residing* on Fifth street, instead of showing that it was signed by a majority of all such property-owners residing *in* the town of Fowler.

We are of opinion, therefore, that the board of trustees of the town of Fowler did not acquire jurisdiction of the improvement of Fifth street, and that the proceedings of the board in the premises were absolutely void.

In its special finding of facts, the court found, *inter alia,* as we have seen, that at, before and during all the times mentioned in such special finding, the appellant Jones was one of the three trustees of the incorporated town of Fowler, and the appellant Case was the assessor of such town. In section 1 of "An act defining certain felonies," etc., " declaring contracts in respect thereto void," etc., approved December 21st, 1872, it was provided, as applicable to the case in hand, that any " town trustee, * * * or any person holding a lucrative office under the Constitution or laws of this State, who shall during the time he may occupy such office, * * * be interested directly or indirectly in any contract for the construction of any * * * public building or work of any kind erected or built for the use of the * * * town * * * in the State in which he exercises any official jurisdiction; * * * shall be deemed guilty of a felony," etc. In section 4 of the same act, it was provided that "All contracts and agreements made between any persons in violation of this act shall be void." Acts 1872, Spec. Sess., p. 26; 2 R. S. 1876, p. 454; section 2049, R. S. 1881. Independent of the section of the statute last quoted, the general rule of law is well settled, that a contract prohibited by a penal statute is absolutely void. The courts will not enforce such contracts, but

will leave the parties who have contracted in violation of such a statute, without any remedy at law, whenever they are *in pari delicto*. *Deming* v. *State, ex rel.*, 23 Ind. 416; *Scotten* v. *State, ex rel.*, 51 Ind. 52.

Under section 15 of the general law of June 11th, 1852, for the incorporation of towns, in force at the time, the assessor of an incorporated town was an officer to be elected by the qualified voters of the town. 1 R. S. 1876, p. 877. Under section 45 of the same general law, the office of assessor of such a town was a "lucrative office," within the meaning of the felony act of December 21st, 1872, *supra.* Under section 1 of the latter act, the appellant Jones, as town trustee, and the appellant Case, as assessor of the town, were positively prohibited from becoming interested, directly or indirectly, in any contract for the improvement of Fifth street in the town of Fowler during the time they held their respective offices, under the penalty of being " deemed guilty of a felony," and suffering the punishment prescribed in the statute. And in section 4 of such act, it was expressly declared that all contracts and agreements, made in violation of the act, should be void. The appellants' contracts for the improvement of Fifth street, therefore, were illegal and void; and upon this ground there was no error in the court's conclusions of law.

When this cause was here before, 70 Ind. 31, it was held that the notice, given by the town of Fowler, of the letting of contracts for the improvement of Fifth street, was a legal and sufficient notice. Appellees' counsel now "challenge the correctness of that decision, and ask a reconsideration"; and they insist that the notice in question was fatally defective. Whether our former decision, that the notice was sufficient, is correct or incorrect, it must be regarded at least as the law of this case on the point then decided; and, therefore, we must decline to reconsider the question on this appeal. The opinion of the court on the former appeal shows the ground upon which it is claimed that the notice was insufficient. We advert to

this question here merely for the purpose of directing attention to the authorities, upon which counsel relies, in questioning the correctness of the former decision, as follows: *Steinmetz* v. *Signer*, 23 Ind. 386; *Wellman* v. *Lawrence*, 15 Mass. 326; *Ingersoll* v. *Kirby*, Walker Ch. (Mich.) 27; *McRee* v. *McRee*, 34 Ala. 165; *Moberry* v. *City of Jeffersonville*, 38 Ind. 198; *City of Logansport* v. *Puterbaugh*, 46 Ind. 550; *Sowards* v. *Pritchett*, 37 Ill. 517.

It is claimed by appellees' counsel that the proceedings of the board of trustees of the town of Fowler, for the improvement of Fifth street, and the contracts let in pursuance thereof, were illegal and void for another reason. The petition asked for the improvement of Fifth street, between the west line of Railroad street, where such line intersects Fifth street, and the eastern boundary line of the town of Fowler, as an entirety, and *not* in sections. On the 28th day of July, 1875, the petition was presented to the board of trustees then in session, and the board granted the prayer thereof, and ordered the improvement, as an entirety, to be made. On August 30th, 1875, the board of trustees in session ordered that the improvement be divided into sections numbered from 1 to 5 inclusive, and the work let to contract in such sections, and the town clerk was directed to advertise the letting of the work in such sections. The town clerk did not follow such direction, but advertised that sealed proposals would be received for the improvement of Fifth street as an entirety, instead of for sections of such street. The improvement of the street, however, was let in five separate sections, and the contracts were made accordingly.

Appellees' counsel earnestly insists that these proceedings of the board of trustees, or of the town clerk, were not authorized by the petition for the improvement of Fifth street, nor by the law of this State governing such proceedings. Thus, in *Kretsch* v. *Helm*, 45 Ind. 438, it appeared that a city clerk had been directed by a city ordinance to advertise for proposals to do certain work by publication in a newspaper

and by posting up notices, and had, in fact, given notice by publication only; and it was held that the letting of the contract, without having given the notice provided for in the ordinance, was illegal and could not be sustained. Besides, in this case, the street to be improved was nearly or quite one mile in length, and as, under the law, the cost of the improvement would be distributed along the entire length of the street, and assessed against the lots or parcels of land fronting on either side thereof, it may well have been that parties were induced to, and did sign, the petition for the improvement of the street as an entirety, who would not have signed any petition for the improvement of the street in sections or parts thereof. It may well be doubted, whether the board of trustees were authorized by the petition, or by the law governing their proceedings thereon, to let the improvement of the street, and contract for the work thereon, in sections or parts less than the entire street described in such petition. In all such cases as the one at bar, the rule has been repeatedly declared by this court, that there must be a strict compliance with the provisions of the statute; or, otherwise, it must be held that the proceedings are invalid, illegal and void. *Wilson* v. *Poole*, 33 Ind. 443; *Moberry* v. *City of Jeffersonville, supra; Merrill* v. *Abbott*, 62 Ind. 549.

Upon the whole case, we are of opinion that the court committed no error in its conclusion of law upon its special finding of facts.

As the judgment below must be affirmed upon the conclusion we have reached in the foregoing opinion, we need not and do not consider or decide any question arising under the cross errors assigned by appellees, in overruling their demurrer to the fourth paragraph of appellants' answer.

The judgment is affirmed, with costs.

HAMMOND, J., did not participate in the decision of this cause.

Filed Nov. 26, 1883.