65   404
145   151

## The State *v.* Mainey.

CRIMINAL LAW.—*Obstructing Public Street of Town.—Board of Trustees.— Supervisor.—Repeal of Statute.—Evidence.*—On the trial of a prosecution

for obstructing a public street of an incorporated town lying within the limits of a certain road district, the defendant proved, over objection by the State, that the acts constituting the obstruction complained of had been committed by him in repairing such street as a public highway of such road district, of which he was supervisor.

*Held,* that the evidence was erroneous.

*Held,* also, that, under section 1 of the act of April 27th, 1869, 1 R. S. 1876, p. 890, the board of trustees of such town had exclusive power over its streets, and therefore that the acts of the defendant were unlawful.

*Held,* also, that such act impliedly repeals section 47 of the act of June 11th, 1852, 1 R. S. 1876, p. 884, so far as they conflict as to the control of the streets and highways of a town.

From the Dearborn Circuit Court.

*T. W. Woollen,* Attorney General, *R. L. Davis,* Prosecuting Attorney, *A. Williams* and *J. Schwartz,* for the State.

HOWK, J.—This was a prosecution against the appellee, by affidavit and information, wherein it was charged, in substance, that, on the 22d day of June, 1878, in Dearborn county, Indiana, the appellee, " Edward Mainey, did then and there unlawfully interfere with, obstruct and cause to be obstructed and interfered with, a certain highway, known as George street, between Broadway and Franklin streets, in the town of Cochran, in the county and State aforesaid, by then and there unlawfully entering upon, and being and remaining in and upon said George street, with horses, plows, picks and shovels, and by then and there unlawfully plowing, digging and removing the soil of said George street, between the said Broadway and Franklin streets."

Upon arraignment, the appellee's plea to the information was, that he was not guilty as therein charged. The issues joined were tried by a jury, and a verdict was returned for the appellee, upon which judgment was rendered for his discharge.

During the progress of the trial in the court below, the prosecuting attorney excepted to a number of the rul-

ings or decisions of the court, and reserved the points of law for the decision of this court. These rulings or decisions of the court have reference chiefly to alleged errors of the court in the admission of evidence; and the decisions complained of have been assigned as errors, upon the record, in this court. We need not set out these alleged errors, but we may say that they fairly present the points of law reserved by the prosecuting attorney for the decision of this court.

As necessary to a proper understanding of the questions reserved, and of our decision thereof, we will first give a brief summary of the facts of the case, as we gather them from the record.

The town of Cochran, mentioned in the indictment, was, and for a number of years prior to June 22d, 1878, had been, an incorporated town under the general law of this State, providing for the incorporation of towns. George street, mentioned in the information, was a public street or highway, within the corporate limits of the town of Cochran. The town was within the territorial limits of Centre township, in Dearborn county, and constituted Road District No. 5, in said township. At the April election, 1878, in said Centre township, the appellee Edward Mainey was duly elected supervisor of said Road District No. 5 for the ensuing two years, received a proper certificate of his election, and, on the 6th day of April, 1878, was duly qualified as such supervisor. Under the order and direction of the trustee of Centre township, the appellee, as such supervisor, on the 22d day of June, 1878, after he had been notified by the trustees of the town of Cochran that the town alone had authority over George street and he had none, and that he must desist from work on said street, did and performed the acts wherewith he is charged in the affidavit and information in this case, in work on said street as a public highway within his road district.

It will be seen from this statement of the facts of this case, that it had its origin, perhaps, in a conflict of authority between the trustee of Centre township and the supervisor of road district No. 5, on the one hand, and the trustees and other officers of the incorporated town of Cochran, on the other hand, over the public streets or highways within the limits of said town. One of the questions reserved by the State, in this case, may be thus stated: Had the appellee, as the supervisor of road district No. 5, composed, as we have seen, of the town of Cochran, any power or authority over the streets or highways within the corporate limits of said town? It seems to us that this question must be answered in the negative. In section 1 of "An act to enable incorporated towns to lay out, open, grade, and improve streets and alleys," etc., approved April 27th, 1869, it is provided, "That the board of trustees of incorporated towns of this State shall have exclusive power over the streets, alleys, highways and bridges, within the corporate limits of such town," etc. This exclusive power, in the trustees of the town, would certainly prevent any township officer, such as supervisor of highways, from having or exercising any power or authority over the streets or highways within the town limits. 1 R. S. 1876, p. 890. We have no brief from the appellee in this court, but we learn from the brief of the prosecuting attorney, that, in the court below, the appellee attempted to justify his acts, as supervisor, on George street, and claimed that he had the power and authority to do those acts, within the corporate limits of the town of Cochran, under and by virtue of the provisions of section 47 of "An act for the incorporation of towns," etc., approved June 11th, 1852. This section 47 provides, that " Nothing contained in this act shall exempt the inhabitants of any town from the payment of highway taxes legally assessed, nor from the formation of one or more

road districts, irrespective of the corporate limits of such town." 1 R. S. 1876, p. 884. If, however, it might be said that the incorporated town of Cochran properly constituted road district No. 5 in Centre township, under the provisions of the section quoted, it is very clear, we think, that the supervisor of that road district, since the act of April 27th, 1869, became a law, would have no power and authority over the streets and highways within his road district. In so far as the act of April 27th, 1869, is in conflict with section 47 of the act of June 11th, 1852, of course the older law must be regarded as virtually repealed by the later expression of the legislative will. As the trustees of the town of Cochran are clothed by law with exclusive power over the streets, alleys and highways within the corporate limits of such town, the appellee, as the supervisor of a road district comprised of the same territory as the town, could not have any power over the streets, alleys and highways within the corporate limits of the town.

It follows, therefore, that the court erred in admitting evidence, over the objections and exceptions of the State, which tended to prove that the appellee had been duly elected, and had qualified, as supervisor of road district No. 5, and had done the acts charged against him in the information, as such supervisor, under the direction of the township trustee and in the supposed discharge of his official duty, because these facts, if proved, were immaterial, and did not and could not constitute any defence to this prosecution. Of course, the appellee's ignorance of the law, or his alleged good faith in the performance of the acts complained of, could not and did not afford him any valid or legal defence in this case. He was bound to know the law, and while it is doubtless true that he did not intend to commit a criminal offence, yet it is very clear that he did intend to do and perform the acts charged in the affidavit and information. In such a case,

he ought to have been held amenable to the law for acts done in violation thereof. On this point, see the case of *Hood* v. *The State*, 56 Ind. 263.

Having reached the conclusion, that the decisions of the circuit court were erroneous, it is now considered by this court, that the State of Indiana do recover of the appellee the costs of this appeal.