Wiles *v.* Hoss.    .

No. 13,048.

WILES *v.* HOSS.

TOWN.—*Street and Sidewalk Improvements.*—*Repeal of Statute.*—The act of
February 14th, 1859, relating to the compulsory improvement of side-
walks in incorporated towns (Acts of 1859, p. 184; R. S. 1881, section
3357, *et seq.*), was not repealed, either expressly or by implication, by the
act of April 27th, 1869, relating to the improvements of streets and alleys
in such towns upon petition of lot-owners.    (Acts of 1869, Spec. Sess., p.
33; R. S. 1881, section 3364, *et seq.*)

SAME.—*Term " Street" Includes " Sidewalk."*—The act of 1859 does not pre-
scribe the only procedure for the improvement of sidewalks; on the
contrary, although sidewalks are not specifically mentioned in the act
of 1869, a street may be improved to its full width under the provisions
of such act, as the term "street" includes sidewalks, unless the lan-
guage with which it is associated restricts its meaning.

SAME.—*Contract for Improvement.*—A written proposal by the town au-
thorities of the work to be done, a written bid to do the proposed work
and a written acceptance of the bid by the proper authorities, together
constitute a sufficient and binding contract.

SAME.—*Assessment.*—*Collection of.*—*Questions of Fact Arising Prior to Con-
tract.*—A question as to whether or not there was a proper advertisement
for bids is a question of fact which arose "prior to the making of the
contract" for the improvement of the street, and, under section 3366,
R. S. 1881, is not triable in an action to enforce an assessment.

SAME.—*Petition for Improvement.*— *Ordinance.*— A petition of property-
owners in an incorporated town for the improvement of "Hope street,
between Willow and Schofield streets," authorizes an ordinance for the
improvement of "that portion of Hope street, and sidewalks thereof,
lying between Schofield and Willow streets."

From the Marion Superior Court.

*J. S. Duncan, C. W. Smith, J. R. Wilson* and *J. A. Hol-
man,* for appellant.    .

*R. E. Smith, L. Ritter, E. F. Ritter* and *B. W. Ritter,* for
appellee.

HOWK, J.—In this case, errors are assigned here by ap-
pellant, Wiles, the defendant below, which call in question
(1) the judgment of the court below, in general term, affirm-
ing the judgment of such court at special term, and (2) the

sufficiency of the facts stated in the amended complaint to constitute a cause of action. These alleged errors, we will consider in the inverse order of their statement, and decide the questions thereby presented.

In his amended complaint, which is the only complaint in the record of this cause and will be spoken of as the complaint in this opinion, appellee, Hoss, alleged that, at the dates of the acts thereinafter set forth, appellant, Wiles, was and had been since the owner in fee simple of a large number of lots, particularly described, in the town of Brightwood, in Marion county, Indiana; that each and all of the aforesaid lots fronted or bordered upon Hope street, between Willow and Schofield streets, which streets and lots were within the corporate limits of such town of Brightwood; that, on the — day of ——, 188–, a petition was presented to the board of trustees of such town, signed by a majority of all the resident owners, living and residing within said town, of all the lots and parcels of land bordering upon said Hope street, between said Willow and Schofield streets, estimating by measuring the front lines of the lots and parcels of land bordering upon said Hope street between the streets named, praying said board of trustees to improve said Hope street and sidewalks between said points (being a distance of not less than one square), by grading and gravelling the same according to plans and specifications to be by them adopted; setting out at length a copy of such petition and of the names of the owners thereunto attached.

Appellee further alleged that said petition was signed by all the resident owners of lots and parcels of land bordering upon Hope street, between Willow and Schofield streets, and that the improvement prayed for was not less than one square in length; that, on the — day of ——, 188–, at a regular meeting of the board of trustees of said town, such board made a written order for said improvement, and made and adopted proper and sufficient plans and specifications of the nature, character and plan of such improvement, by a unani-

mous vote of the board, which order, specifications and vote were filed with the proper officer and recorded in the proper records of such town, setting out copies thereof; that, thereafter, in 1883, said board of trustees ordered its clerk to advertise for proposals to do said work, in the "Indianapolis. Times," for seven consecutive days, which advertisement was made, commencing on April 15th, 1883, and like notices were posted up in four public places in said town of Brightwood, prior to the day fixed for receiving such proposals, to wit, April 26th, 1883, giving a copy of such advertisement; that, on such last named day, written proposals to do such work were received by said board of trustees from three different parties, of whom the appellee was one, and proposed to do said work, according to the plans and specifications, for seventy-eight cents per lineal foot front on each side, setting out a copy of appellee's written proposal; that appellee's proposal and bid for said work, being the lowest and best bid received, was accepted by said trustees at a regular meeting thereof, on April 26th, 1883, and their written acceptance thereof was entered of record in the proper record of said town, giving a copy of such record; that time was given to appellee until May 5th, 1883, to file his bond in the penalty of $1,000, conditioned for the proper completion of said work according to said ordinance, profile, plans and specifications and advertisement, and such bond with sureties was accordingly filed within the time limited, setting out a copy of such bond; and that, on May 3d, 1883, said bond was duly accepted by said trustees at their regular meeting, and their acceptance thereof was duly entered of record in the proper records of said town, giving a copy of such record entry. And appellee further averred that he improved, graded and gravelled said Hope street and sidewalks, between Willow and Schofield streets, in all things according to said contract, and completed the same to the satisfaction and acceptance of said trustees, within the time limited; that the engineer of said town and superintendent of said work ex-

amined and approved the same and reported to said trustees that the work was completed according to contract, and that, thereupon, said work was approved and accepted by said board of trustees; that the total cost of said improvement was $2,199.62; that the entire length of the whole line so improved was one thousand four hundred and ten feet on each side, making a total length of front line of two thousand eight hundred and twenty feet; that the length of the front line of the several lots, owned as aforesaid by defendant, Wiles, bordering on the part of Hope street so improved, upon both sides of the street, was in the aggregage one thousand one hundred and seventy-seven feet three inches, giving also the length of the front line of each lot separately; that the board of trustees estimated the cost of said improvement according to the whole length thereof per running foot, and estimated and apportioned the amount of said contract price to the different lots and parcels of land bordering on that portion of said street so improved, and required the owners of the several lots to pay the said amounts so estimated and allowed, made out and delivered to appellee a first and final estimate in writing for said work, and set out and specified therein the total cost of said work, the total length thereof upon each side, the length of the front line of each and all of the lots and parcels of ground bordering thereon, the whole amount due appellee, and the several sums due him from the several owners respectively of such lots and parcels of ground, and the proportion of each to the entire cost and to the whole length of said improvement, and recorded such estimate in the proper record of said town, setting out a copy of such estimate.

And appellee further averred that said board of trustees made an order requiring defendant, and each and every owner of each and all such lots or parcels of ground, to pay the several sums so assessed and estimated to them as aforesaid; that more than ten days had elapsed since said order and since demand was made upon defendant, Wiles, for payment,

but the defendant had wholly failed and refused to pay the same or any part thereof; that there was then due and owing from said defendant each and all of the several assessments upon the several lots so owned by him, as set out in said estimate, the aggregate sum of $1,200, no part of which had been paid. Wherefore, etc.

Appellant's demurrer to appellee's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, was overruled by the court at special term. On his appeal to general term this ruling was assigned by appellant as error, and on his further appeal to this court it is the first error complained of in argument by his learned counsel.

It is conceded by counsel on both sides, as well of appellee as of appellant, that the proceedings for the improvement of Hope street, described in the complaint herein, were commenced and had under and pursuant to the provisions of an act of the General Assembly of this State, entitled "An act to enable incorporated towns to lay out, open, grade, and improve streets and alleys, and make public improvements therein, and to make surveys and adopt plats where the same have been lost or destroyed, and prescribing the duties of the board of trustees, and providing for the mode of working and improving streets and alleys, and declaring an emergency." Approved April 27th, 1869. Acts of 1869, Spec. Sess., p. 33.

This act contains ten (10) sections, but does not contain any repealing clause or section. The ten sections have been brought forward into the Revised Statutes of 1881, and are there known as sections 3364 to 3373, inclusive. In section 3364, which is section 8 of the above entitled act, so far as it is applicable to the case in hand, it is provided as follows: "Whenever a majority of all the resident owners of any lots or parcels of land on any street or alley, not less than one square (to be estimated by numbers or by measuring the front lines of such lots or parcels of land bordering thereon), shall

petition the board of trustees of such town to grade, pave, gravel, or macadamize, or for either kind of said improvement, the board of trustees may cause the same to be done according to the specifications by them to be adopted, by contract given to the best bidder, after advertising to receive proposals therefor," etc.

Nearly ten years prior to the approval of the above entitled act, the General Assembly of this State enacted another statute, entitled "An act to compel owners of town lots to grade, and pave or plank sidewalks, and fixing the penalty thereto." Approved February 14th, 1859. Acts of 1859, p. 184.

This act contains four (4) sections, exclusive of the emergency section, and these four sections are brought forward into the Revised Statutes of 1881, and are there known as sections 3357 to 3360, inclusive. In section 3357—section 1 of the last entitled act—it is provided as follows: " Whenever, in the opinion of the board of trustees of any incorporated town in this State, public convenience requires that the sidewalks of any street in such town should be graded or paved or planked, such board of trustees may, by an ordinance, compel the owners of lots adjoining such street to grade, pave, or plank the same."

Appellant's counsel say in their brief of this cause that the first question presented by the demurrer to plaintiff's complaint may be thus put : Does section 3364, above quoted, apply to the improvement of sidewalks ? Upon this question counsel say : " The contention of appellant is, that such section does not apply to sidewalks at all ; that another statute exclusively regulates the improvement of sidewalks in towns. This latter statute was a particular act, and this particular act, then regulating the improvement of sidewalks, was in existence at that time. The particular act, as to the improvement of sidewalks, provides for a mode of procedure entirely different from that authorized by the act of April 27th, 1869, which regulates the improvement of streets only, as distinguished from sidewalks."

Defendant's counsel then insist very earnestly that the above entitled act of February 14th, 1859, in relation to the compulsory improvement of sidewalks in incorporated towns by the owners of lots adjoining the street, is not repealed by the later act of April 27th, 1869, above referred to, providing for the improvement of streets and alleys in such incorporated towns.

We agree with counsel in their position that the aforesaid act of February 14th, 1859, is not repealed, or in anywise affected, by the provisions of the later act of April 27th, 1869 ; not so much, however, for the reasons urged by counsel, although we recognize their force, as for other and, as we think, more cogent reasons, which will be hereinafter stated.

As we have already said, the above entitled act of April 27th, 1869, contains no repealing clause or section, and if, therefore, it repeals the aforesaid act of February 14th, 1859, it is not an express repeal, but only a repeal by implication. It is well settled by our decisions that " repeals by implication are not favored by the courts, and when they occur the old law will be superseded thereby to the extent, and only to the extent, that the later statute is in absolute and irreconcilable conflict therewith." *State, ex rel.,* v. *Cooper, ante,* p. 12 ; *Haas* v. *Shaw,* 91 Ind. 384 (46 Am. R. 607) ; *Frazer* v. *Clifford,* 94 Ind. 482.

There is absolutely no conflict whatever, we think, between the provisions, respectively, of the two statutes now under consideration ; and in such case, of course, it can not be correctly said that the later statute repeals by implication any of the provisions of the older law. The purposes of the two statutes, respectively, are as widely different, each from the other, as are the modes of procedure in each act provided for the accomplishment of their respective purposes. In the act of February 14th, 1859 (section 3357, above quoted), provision is made for the compulsory improvement of the sidewalks of any street in an incorporated town, without regard to the residue or roadway of such street, by the owners of

lots adjoining the same, whenever, in the opinion of the board of trustees of such town, public convenience requires such improvement. On the other hand, it will be seen that, in the act of April 27th, 1869 (section 3364, above quoted), provision is made for the improvement of any street or alley, not less than one square, in an incorporated town, upon the petition of a majority of all the resident owners of any lots or parcels of land thereon, etc. There is no conflict, we think, between the provisions of this later act and those of the act of February 14th, 1859, and, therefore, there is no repeal by implication of the provisions of the older law.

But we can not agree with defendant's counsel in their proposition that the above entitled act of April 27th, 1869, " regulates the improvement of streets only, as distinguished from sidewalks." The statute in question provides for the improvement of streets upon petition, etc., and therein lies the difference between it and the aforesaid act of February 14th, 1859, which vests the power to compel the owners of adjoining lots to improve the sidewalks, in the board of trustees in an incorporated town, whenever, in the opinion of such board, public convenience requires such improvement. As we have said, the aforesaid act of April 27th, 1869, provides for the improvement of streets upon petition, etc. We need not argue, for the purpose of showing that the sidewalk, for the use of pedestrians, is as much a part of the street as the roadway therein, for the use of animals and vehicles. "It is too well settled to admit of debate, that the term 'street' in its ordinary acceptation includes sidewalks, and that it is always given that meaning unless the language with which it is associated changes or restricts its significa- tion. *State* v. *Berdetta*, 78 Ind. 185 (38 Am. R. 113); 2 Dillon Munic. Corp. (3d ed.), section 780, n. 1." *City of Kokomo* v. *Mahan*, 100 Ind. 242; *Dooley* v. *Town of Sullivan*, 112 Ind. 451.

It can not be held, therefore, as counsel for defendant con- tend, that the above entitled act of February 14th, 1859,

prescribes "the exclusive rule regulating the improvement of sidewalks in incorporated towns." Nor can we hold that the ordinance, in the case under consideration, which authorized the improvement of the street to its full width, sidewalks as well as roadway, under the provisions of the aforesaid act of April 27th, 1869, was for that reason *ultra vires* and void. On the contrary, we are of opinion that the ordinance in question, and the improvement thereunder of the street to its full width, both sidewalks and roadway, were alike fully authorized by the provisions of the act of April 27th, 1869.

Defendant's counsel also claim that plaintiff's complaint is bad on demurrer, because it "fails to show a petition by the property-holders for the work called for by the ordinance." It is said by counsel that the street asked to be improved is "Hope street, between Willow and Schofield streets (being a distance of one square)." The ordinance or resolution adopted by the board of trustees called for the improvement of "that portion of Hope street, and sidewalks thereof, lying between Schofield and Willow streets, in said town." There is no substance, we think, in this objection of counsel to the sufficiency of plaintiff's complaint.

Defendant further claims that the complaint is bad, because "it fails to show a binding contract in writing to do the proposed work." It will be seen, however, from the averments of the complaint, the substance of which we have heretofore given, that the written proposals of the town authorities of the work to be done, the written bid of plaintiff to do the proposed work, and the written acceptance of such bid by the proper authorities, together constituted a contract to do the proposed work, wholly in writing, and valid and binding on the parties thereto. Such a contract, we think, was sufficient.

Some minor objections to the complaint have been pointed out by defendant, and have been carefully examined and considered; but none of these objections seem to us to have

been well taken. Our conclusion is, that the court below, at special term, did not err in overruling the demurrer to the complaint herein.

Under the alleged error of the court in overruling defendant's motion for a new trial, but little need be said. Some critical and technical objections are pointed out to the orders of the town board, the estimate of the amount of work done and the assessment against defendant's lots. In section 3366, R. S. 1881, in force since April 27th, 1869, it is provided that, in such suits as the one now before us, "no question of fact shall be tried which may arise prior to the making of the contract for said improvement under the order of the board of trustees." This statutory provision fully meets and disposes of the principal contention of defendant's counsel, under the alleged error of the court in overruling the motion for a new trial, namely: That there was no proper advertisement for bids for the improvement of the street. Whether there was, or was not, such proper advertisement for bids was certainly a question of fact which arose prior to the making of the contract for the improvement of the street, in this case, and, therefore, it was not a question for trial in the court below. It is not contended that there was no advertisement for bids, in the cause now before us, but the contention is, that the advertisement was not "proper." Even if we agreed with defendant on this point (and we do not), we would not be authorized thereby, in view of the statutory provision last above quoted, to reverse the judgment below on the ground that the evidence failed to show a "proper advertisement for bids." *Clements* v. *Lee, post,* p. 397.

We are of opinion that the finding of the court at special term was sustained by sufficient evidence, and was not contrary to law. Upon the face of the record, these facts are shown by the evidence: that plaintiff has improved the street in front of defendant's lots, in accordance with the contract therefor, to the approval and acceptance of the town authorities; that estimates and assessments were duly made and

granted for the amount of work done, and that the assessments against defendant's lots were due and unpaid.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

