No. 1,213.

## ALLEN ET AL. *v.* THE TOWN OF SALEM.

HIGHWAY.—*Street.*—*Improvement of Sidewalk.*—*Lien.*—*Statute Construed.*—The act of 1859, relating to the improvement of sidewalks, was not repealed by the act of 1889, relating to the same subject, and a lien may be enforced under the act of 1859, by the city, for improvements made under such act.

From the Washington Circuit Court.

*H. Morris, D. M. Alspaugh* and *J. C. Lawler,* for appellants.

*S. H. Mitchell* and *R. B. Mitchell,* for appellee.

DAVIS, J.—This action was brought in the court below to enforce a lien in favor of appellee for money paid by her for grading and paving sidewalks along and in front of lots which were, and are, owned by appellants. The improvement was made under the act of February 14, 1859. The money was paid by said appellee out of her treasury to the contractor, for grading and paving said sidewalks.

The principal question for our consideration is whether the act of 1859, p. 184, is repealed, by implication, by the act of March 8, 1889, p. 237.

The act of 1859 relates exclusively to the grading, paving or planking sidewalks in towns. Section 3357, R. S. 1881; section 4394, R. S. 1894.

Under this act, a town only can compel the owners of lots adjoining the street to improve the sidewalks. Opportunity is first given the owners to grade, pave or plank the sidewalks as required by the ordinance. If the owner fails or refuses to so improve the sidewalk, provision is made for letting the work to the lowest bidder. Section 3359, R. S. 1881; section 4396, R. S. 1894.

The act of 1869, p. 133, provided that towns might pave, grade, gravel or macadamize the streets only "by contract given to the best bidder." Section 3364, R. S. 1881; section 4401, R. S. 1894.

The term street includes the sidewalk. *Wiles* v. *Hoss*, 114 Ind. 371.

The act of 1889 provides for the improvement of either the sidewalk alone or the whole width of the street, in cities and towns, only "by contract given to the best bidder." Section 812, Elliott's Supp.; section 4288, R. S. 1894.

The act of 1869 did not repeal the act of 1859. *Wiles* v. *Hoss, supra.*

But the act of 1889 repealed the act of 1869. *Koons* v. *Cluggish*, 8 Ind. App. 232.

The question presented is: Was the act of 1859 repealed, by implication, by the act of 1889?

Repeals by implication are not favored in the construction of the statutes. *Crowell* v. *Jaqua*, 114 Ind. 246.

It is ordinarily true that the enactment of a new statute covering the whole subject-matter of an older statute, and containing provisions that can not be reconciled with it, operates as an implied repeal of the older one. *Robinson* v. *Rippey*, 111 Ind. 112.

There are material differences in the provisions of the two acts. In some respects they are inconsistent. There was no provision in the act of 1869, and there is none in the act of 1889, which gives the owner an opportunity of doing the work after the improvement has been ordered. Under the act of 1859 the owner may, if he prefers, make the improvement in compliance with the requirements of the ordinance, while, under the act of 1889, he has no such option, but he may, in the event his assessment exceeds fifty dollars, have the privilege of paying the same in ten annual installments. In the

ultimate result to be attained, the acts, so far as they relate to sidewalks, are substantially the same.   Each act, taken in itself, constitutes a complete system for the improvement of sidewalks.   The fact that both statutes are directed to the attainment of the same end, does not necessarily warrant the conclusion that the latter repeals the former.   *Robinson* v. *Rippey, supra.*

In order to effect such repeal by implication, it must appear that the subsequent statute revised the whole subject-matter of the former one, and was intended as a substitute for it, or that it was repugnant to the old law. *Water Works Co. of Indianapolis* v. *Burkhart,* 41 Ind. 364 (383).

"In other words, it must appear that it was the intention of the law-makers to repeal the former law." *Water Works Co. of Indianapolis* v. *Burkhart, supra.*

It does not appear to us that the act of 1889 was intended as a substitute for the act of 1859, or that the new law is repugnant to the old law.   The rule in such cases is that when there are two acts on the same subject, to give effect to both if possible.   This rule is in harmony with the decision in *Koons* v. *Cluggish, supra,* wherein it was held that the act of 1889, revising the whole subject-matter of the act of 1869, and evidently, for the reason therein stated, intended as a substitute for it, operated to repeal the former.

There is no merit in the other questions urged for reversal.   We find no error in the record.

Judgment affirmed.

Filed Oct. 18, 1894.