State, *ex rel.* McKinney, *v.* Souder *et al.*

No. 1,697.

STATE, EX REL. McKINNEY, *v.* SOUDER ET AL.

SUPERIOR COURT.—*Jurisdiction.—Official Bond.—Illegal Fees.*—An action cannot be maintained in the superior court on the official bond of an officer, to recover illegal fees and the penalty provided by act of February 28, 1883, section 8, authorizing a "civil action" to be brought in any court for the recovery of illegal fees, and in connection therewith a specified sum as damages after demands therefor, which act supplements the act of 1879, section 37, authorizing an action in the "circuit court" on an official bond to recover five times the illegal fees charged.

From the Superior Court of Allen County.

*E. V. Harris* and *A. A. Chapin*, for appellants.

*Breen & Morris*, for appellees.

DAVIS, J.—This action was brought on the 24th day of November, 1894, in the name of the State of Indiana, upon the relation of Daniel McKinney, as provided in section 253, R. S. 1894, against Daniel W. Souder, and his sureties on his official bond as clerk of the Allen Circuit Court, to recover fees alleged to have been illegally taken and received, from said McKinney, by the said Souder while clerk; also to recover the penalty provided by section 8 of the act approved February 28, 1883, for taking and receiving such illegal fees. Acts 1883, page 48.

As Souder was elected clerk in 1890, we need not consider the fee and salary acts of 1891 and 1893. The superior court of Allen county was established in 1877.

The only question involved in this appeal is whether there is any statute of this State authorizing such action in the superior court of Allen county on the official bond of the clerk to recover such illegal fees and the penalty provided by the act of 1883.

Section 37 of the act of March 31, 1879, p. 142, is as follows: "Any officer who shall charge, demand or take any fee for any official act done or performed under the provisions of this act other than is herein allowed and provided for, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be fined in any sum not exceeding $100, and shall be liable on his official bond to the party injured for five times the illegal fees charged, demanded or taken, and the same may be recovered with costs in the circuit court: *Provided,* No officer shall be liable for any unlawful sum charged or taken by his deputy, unless he know of and failed to correct the same, and such deputy shall be liable as an officer to prosecution for such unlawful charge or taking."

Under this section the clerk was liable in an action on his official bond in the circuit court to the party injured for five times the illegal fees, and also to a fine in a criminal prosecution in any sum not exceeding $100.

Section 8 of the act of 1883, supplemental to the act of 1879, is as follows: "If any county, township, or other public officer of the State, shall violate or disregard this act, or any part thereof, and shall thereby obtain any fee or sum of money denied him by this act,  *  *  the person or persons from whom he received such money, shall have his right of civil action in any of the courts of the county for the recovery of such money, and he

shall in connection therewith recover a sum of not less than $10 damages and not more than $30 damages, but such suit shall be preceded by demand." Acts 1883, page 48.

Under this section, the clerk in a civil action in any of the courts of the county is personally liable to the person from whom he received illegal fees for such fees, and in addition thereto a sum not less than $10 and not more than $30.

Under section 37 of the act of 1879, the superior court has no jurisdiction of an action on the official bond of the clerk. Section 8 of the act of 1883 gives no right of action upon an officer's bond. It simply provides that the person, from whom excessive fees have been collected, may recover the amount of illegal fees taken, with a certain penalty, in case they are not paid upon demand which must previously be made therefor. Appellant's counsel admit, we believe, that the law of 1883 does not give a right of action upon official bonds, but they claim that section 8 of this law is to be combined with section 37 of the act of 1879 (section 6549 of Burns' 1894 statutes), and that these two sections combined do give such right of action. They seem to admit that section 8 of the act of 1883 repeals, by implication, so much of section 37 of the act of 1879 as fixes the penalty that individuals may recover, and the court in which the action may be brought. They contend, however, if we understand their argument, that an individual still has a right of action upon an officer's bond as provided by section 37 of the act of 1879, to recover the penalty provided in section 8 of the act of 1883.

In other words, the contention of counsel for appellant is, that the only repugnancy existing in section 37 of the act of 1879, and section 8 of the act of 1883, is

with reference to the civil liability of an officer demand-ing, taking and receiving illegal fees for his services, and that such matters in the former as are not repug-nant to like provisions in the latter statute are left standing and are not repealed by the latter.    Counsel for appellant insist that section 8 of the act of 1883 revises the whole subject-matter of section 37 of the act of 1879, and that it was intended by the Legislature as a substitute therefor.    *Koons* v. *Cluggish*, 8 Ind. App. 232 ; *Allen* v. *Town of Salem*, 10 Ind. App. 650 ; *Western Union Tel. Co.* v. *Brown*, 108 Ind. 538.

Assuming, however, without deciding, that section 37 of the act of 1879 is still in force, it should then be remembered that this action was instituted in the supe-rior court of Allen county on the official bond of the clerk, under the provision of said section 37, to recover the illegal fees and penalty as provided in section 8 of the act of 1883.

Section 37 created a right of action on the official bond and named the court in which such right should be enforced.    This action is manifestly founded on the act of 1883, on the theory that such action may be maintained on the official bond in the superior court. Therefore, whether section 7543, R. S. 1894, section 5528, R. S. 1881, gives of itself a right of action upon the official bond of the clerk for the recovery of illegal fees, we need not determine.    This action, as we have seen, is to recover fees alleged to have been illegally taken and received by the clerk, and also to recover the penalty provided by section 8 of the act of 1883, for taking and receiving such illegal fees.    The action hav-ing been prosecuted on the theory that sections 8 and 37, *supra*, authorized a recovery of such fees and pen-alty on the official bond in the superior court, appellant must stand or fall by that theory in this court.    It fol-

lows, therefore, that if appellant could have brought his action against appellees under section 7543, *supra*, he has, by his election to bring his action under the act of 1883, to recover a penalty not given in section 7543, no right to recover under the latter section in this action. Whatever view may be taken of the other question involved in this appeal it seems clear to us that an action cannot be maintained on the official bond of the clerk in the superior court to recover the damage prescribed in section 8 of the act of 1883. If section 37 of the act of 1879 is in force, the action on the bond should have been instituted in the circuit court. If the right and the remedy provided in section 8 of the act of 1883 have taken the place of the right and the remedy provided in section 37 of the act of 1879, this action cannot be maintained. In any event there is no right of action in the superior court, upon an officer's bond as provided by section 37 of the act of 1879, to recover the penalty prescribed in section 8 of the act of 1883.

Judgment affirmed.

Filed September 25, 1895; petition for rehearing overruled March 3, 1896.