## KEITH ET AL. *v.* WILSON ET AL.

[No. 17,882.    Filed May 26, 1896.]

MUNICIPAL CORPORATION.—*Street Improvement.*—*Town Ordinance For.*—*Statutes Construed.*—A town may, by ordinance, require property-owners to pave sidewalks with brick, stone, or cement, under sections 4394 to 4397, Burns' R. S. 1894 (sections 3357 to 3360, R. S. 1881), notwithstanding the grade therefor had been established years before, and board sidewalks laid thereon at such time.

SAME.—*Street Improvements.*—*Town Boards May Make with or without Petition.*—Under sections 4394 to 4397, Burns' R. S. 1894 (sections 3357 to 3360, R. S. 1881), the board of trustees of towns may improve sidewalks without petition from the adjacent property-owners, when in the opinion of such board of trustees public convenience requires such improvements to be made.

From the Fulton Circuit Court.    *Affirmed.*

*S. Keith* and *F. H. Terry*, for appellants.

*J. H. Bibler* and *M. A. Baker*, for appellees.

HOWARD, J.—This was a suit, brought by the appellants, to enjoin the appellees, who are the town trustees and marshal of the town of Rochester, from proceeding to enforce an ordinance, passed by said trustees for the construction of a sidewalk in said town.

A demurrer was sustained to the complaint, and this ruling presents the only question for our consideration.

The ordinance in question was passed under provisions of "An act to compel owners of town lots to grade and pave or plank sidewalks, and fixing the penalty thereto." Approved February 14, 1859. Acts 1859, 184, sections 4394-4397, R. S. 1894 (sections 3357-3360, R. S. 1881).

The first section of the act reads as follows: "Whenever, in the opinion of the board of trustees of any in-

corporated town in this State, public convenience requires that the sidewalks of any street in such town should be graded or paved or planked, such board of trustees may, by an ordinance, compel the owners of lots adjoining such street to grade, pave, or plank the same."

The second section states the requisites of the ordinance; the third section provides for doing the work by the town marshal on failure of the lot owners to do it, when required by ordinance; and the last section determines the mode of collecting the costs of the work, when the work is done under direction of the marshal.

It is not denied that the ordinance and the subsequent proceedings of the town authorities were in conformity with the provisions of the statute. It is further expressly admitted that the statute is in full force as a valid act of the legislature.

Appellants' brief is an extended, able, and ingenious argument, to explain away the evident purpose and meaning of the statute. Because of the large discretionary powers given the trustees by the act, it is argued that the statute can apply only to the fixing of a grade and ordering the first improvement of a sidewalk; that we cannot conclude that the meaning of the act is to give the trustees the arbitrary power to make such improvements at any time afterwards whenever they might think best to do so. Yet, that is just what the act says. "Whenever, in the opinion of the board of trustees, * * * public convenience requires that the sidewalks of any street" should be improved, then the power is given by this statute to order the improvement made. We cannot explain away the words of the statute, as counsel would have us do.

This is not the only statute that gives to town trus-

tees such extensive powers. Under section 4357, R. S. 1894 (section 3333, R. S. 1881), cl. 9, boards of trustees in towns are given exclusive power over the streets of the town; and if the streets and alleys are not kept, by the trustees, in a safe condition for public travel, the towns will be liable in damages for injuries resulting. *Sparling* v. *Dwenger*, 60 Ind. 72; *State* v. *Mainey*, 65 Ind. 404; *Town* v. *Woods*, 57 Ind. 192; *Town* v. *Ritter*, 66 Ind. 136.

If the town authorities did not have this complete control over the streets, the public safety and convenience could not be secured. If the condition of a street or sidewalk should be left to the irresponsible care of the adjacent lot owner, as appellants seem to suggest, then either the traveler, who suffered injury or inconvenience, would be without remedy, or else the town would have to make good the damages which it had no power to prevent.

Arbitrary power on the part of municipal authorities may seem oppressive, and may sometimes, as appellants seem to think in this case, appear to be unjust. But the power to make public improvements in cities and towns without the consent of adjacent property owners, is, as experience has shown, necessary for the general good of the municipality. If cities and towns should have to wait for good streets and sidewalks until all the property owners along the line should agree to have them improved, then the people would become gray and the houses moss-covered before the work should be done.

Accordingly, this arbitrary power has been lodged in some public body, elected by a majority of the people, or otherwise selected.

It is true, that in the making of street improvements in towns, provision is also made for doing the work after petition is made therefor by the resident

property owners along the line. Sections 4401-4403, R. S. 1894 (sections 3364-3366, R. S. 1881). The method by petition, however, is not in conflict with the more summary method, by direct action of the trustees; but is simply another mode of doing the same work. *Wiles* v. *Hoss*, 114 Ind. 371.

So in the Barrett law it is provided, that while street and sewer improvements may be made on petition; yet such improvements may also be made arbitrarily, in towns and cities, by the vote of two-thirds of the board of trustees or common council, even against the remonstrance of the property owners. Acts 1889, 237; sections 4288, 4292, R. S. 1894; E. S., sections 812, 816.

Indeed, if it were not for the arbitrary power thus placed in the hands of town trustees and city councils, very little public improvements would be made in our cities or towns. Nor is there anything unjust or oppressive in this. The law assumes that the property will be benefited to an amount equal to the cost of the improvements thus made. In addition, the trustees and members of common councils are elected by the people. They are themselves of the people, and presumably selected for their good judgment and business capacity. It is, therefore, assumed that they will exercise their discretion, not in an arbitrary manner, but for the best interest of their fellow-citizens, whom they represent temporarily in the government of the municipality. Should abuse of their discretion be shown, undoubtedly, as in other cases, such abuse might be restrained. *Town of Marion* v. *Skillman*, 127 Ind. 130.

Appellants seem also to forget that the statute under which this ordinance was drawn (section 4394, and following sections, R. S. 1894; section 3357, R. S. 1881), has reference to sidewalks only, and not to streets and alleys generally, as in the case of sections

4401, and following, R. S. 1894 (sections 3364, and following, R. S. 1881). Under the former statute sidewalks only may be improved; under the latter, streets and sidewalks both may be improved. *Wiles* v. *Hoss, supra.*

In the ordinance of which appellants complain, sidewalks of brick, stone, or cement were ordered laid down on the grade theretofore established. That there should have been a board sidewalk laid on the same grade some years before gives no reason why the trustees should not now order a new and more substantial improvement. Improvements once made do not last forever; and the discretion of the trustees in making a new improvement may be as wisely and honestly exercised as in making the original.

Neither do the authorities cited by appellants sustain their position. It is true, that in the *Town of Covington* v. *Nelson*, 35 Ind. 532, the court held that a petition was necessary for a sidewalk improvement. But this was evidently an inadvertence. In *Burr* v. *Town of Newcastle*, 49 Ind. 322, the opinion being written by the same judge that wrote the opinion in the former case, it was said: "In deciding the case of the *Town of Covington* v. *Nelson, supra,* our attention was not called to an act entitled an act to compel owners of town lots to grade, and pave or plank sidewalks, etc., approved February 14, 1859. 1 G. & H. 634." (Section 4394, R. S. 1894; section 3357, R. S. 1881, the act under consideration in the case at bar.) "By such act," continues the court, "the trustees of towns are authorized to establish a grade and to compel the owners of lots to construct sidewalks, without any petition on the part of property holders."

The other two cases cited by appellants, *Anthony* v. *Williams*, 47 Ind. 565, and *Case* v. *Johnson*, 91 Ind. 477,

were both concerning improvements of streets in general, and not sidewalks only; and the cases were brought under sections 4401, etc., R. S. 1894 (sections 3364, etc., R. S. 1881), where a petition is required, and not under the statute here in question.

Judgment affirmed.