Drew v. Town of Geneva.

## DREW v. THE TOWN OF GENEVA.

[No. 18,571. Filed June 14, 1898.]

MUNICIPAL CORPORATIONS.—*Improvement of Streets.—Authority of Board of Trustees of Town.*—The board of trustees of an incorporated town is invested with plenary powers and exclusive jurisdiction over the streets and the improvement and repair thereof. *pp. 664, 665.*

SAME.—*Improvement of Sidewalk in Manner Different from that Provided by Ordinance.—Injunction.*—An incorporated town, having by ordinance provided for the improvement of a sidewalk according to certain plans and specifications, may enjoin an abutting property owner from making the improvement in a manner materially different from that provided by the ordinance. *pp. 665-668.*

APPEAL.—*Bill of Exceptions.*—A bill of exceptions must be signed by the judge before it is filed with the clerk. *p. 668.*

From the Adams Circuit Court. *Affirmed.*

*Lewis C. DeVoss* and *Robert S. Peterson*, for appellant.

*France & Merryman,* for appellee.

JORDAN, J.—The incorporated town of Geneva instituted this action to enjoin appellant from paving the sidewalk of that part of a certain public street in said town which abuts upon lots owned by the latter. The appellant unsuccessfully demurred to the complaint, and under the issues joined, upon the trial, there was a finding in favor of appellee, and over appellant's motion for a new trial a judgment was rendered enjoining him from paving the sidewalk in controversy. The

errors which are properly assigned arise out of the overruling of the demurrer to the complaint, and in denying the motion for a new trial.

It is shown by the averments in the complaint that appellee is an incorporated town, situated in Adams county, Indiana, and that on July 24, 1896, its board of trustees, by an ordinance duly passed and adopted, ordered that the sidewalk of the west side of all that part of High street lying between Line street and the north corporation line be graded and paved at the expense of the abutting owners. The ordinance directed that the sidewalks be paved with "sawed sand stone" of first class material, not less than four feet wide and two inches thick, to be laid on four inches of sand with two strips of good solid white or bur-oak lumber, 1 x 2 inches, to be placed beneath the paving stones four inches from the edge, running parallel with the sidewalk. The paving stones were to be laid so that the surface thereof, when joined, shall be as nearly level as possible. In the event the abutting property owners should fail to construct the sidewalk as directed within sixty days after the adoption of the ordinance, then it was provided that the marshal of the town was authorized, after giving the statutory notice, to let the work to the lowest responsible bidder, etc. It is disclosed that appellant is the abutting owner of lots 386 and 388, and that during the sixty days allowed for the construction of the walk he had failed and refused to pave his portion of said walk as ordered, and that he still continues to refuse to pave the same according to the specifications and provisions of the ordinance. After the expiration of the time allowed by the ordinance for the abutting owners to construct the improvement in question, and upon appellant's failure and refusal to perform the work as required by the ordinance, the town marshal proceeded to post

up the proper and necessary notices preparatory to letting out the work to the lowest bidder, as directed by the ordinance. After the posting of these notices, it appears that appellant, without the consent of the board of trustees, began to pave his portion of the sidewalk with brick, and it is alleged that he is "now threatening that he will construct said walk with brick, in disregard of the provisions of the ordinance, and will carry out his said threat and purpose unless enjoined." It is further shown by the averments of the complaint that if appellant proceeds to pave the walk with brick, in violation of the ordinance, that by so doing he will cause great damage to the entire sidewalk, and that the same will greatly interfere with the grading and paving of the west part of said High street. The prayer is that he be enjoined from constructing said walk with brick or any other material except that specified in the ordinance.

The only objection urged against the sufficiency of the complaint is that the ordinance, set out as a part, is defective, and that, under the circumstances, an injunction will not lie to prohibit appellant from paving with brick the sidewalk of the street upon which his lots abut. The insistence of appellant's counsel, in part, seems to be that he has the right to do so over the objections of the proper municipal authorities.

The board of trustees of incorporated towns is invested with exclusive power and jurisdiction over the streets, alleys, and highways of their towns. Section 4404, Burns' R. S. 1894 (3367, R. S. 1881). The board of trustees is also authorized to superintend the grading, paving and improving of streets, and the building and repairing of sidewalks. Section 4352, Burns' R. S. 1894 (3328, R. S. 1881). Section 4394, Burns' R. S. 1894 (3357, R. S. 1881), invests the board with the power to pass an ordinance compelling abutting own-

ers to grade, pave, or plank the sidewalks of a street upon which their property abuts. Section 4395, Burns' R. S. 1894 (3358, R. S. 1881), provides that such ordinance shall specify the height of the grade, if the grade is to be altered, the width of the pavement, and the time within which the work must be done. The next two sections respectively provide for the letting of such work by the marshal, if the property owner fails or refuses to grade, pave, or plank the walk as required in the ordinance, and for a recovery against him by the town of his proportionate amount of the cost. That the board of trustees of an incorporated town, under the provisions of the law to which we have referred, is invested with plenary powers and exclusive jurisdiction over the streets and the improvement and repair thereof, are questions too well settled to be open to controversy. *Keith* v. *Wilson*, 145 Ind. 149. In the ordinary acceptation, the term "street" includes sidewalks. *Taber* v. *Grafmiller*, 109 Ind. 206; *Wiles* v. *Hoss*, 114 Ind. 371.

The board of trustees, therefore, being invested by the legislature with these exclusive powers relative to the public streets over which it exercises jurisdiction, it certainly and necessarily must follow that an abutting owner of property has no right, without the permission of the board, properly granted, to make permanent improvements in respect to such streets, or any part thereof; and if he insists on doing so, in defiance of the ordinance of the board of trustees, as the facts in this case develop that the appellant is attempting to do, an action for injunction, in the name of the corporation, at the instance of the board of trustees, will lie to prevent him. An owner of property in a town, who has permitted to elapse the time allowed in the ordinance adopted by the proper municipal authorities for the paving or improving of

a sidewalk, in accordance with such ordinance, will not be allowed to interfere with the plan adopted, nor to embarrass such authorities in having the proposed work constructed in the manner ordained; and if he insists in his interference by attempting to make such street improvements, an action for injunction against him will lie at the suit of the municipality.    Elliott on Roads and Streets, pp. 297, 298, 310, 311.

If one property owner, after lying by until the expiration of the limit for making a proposed street improvement, could rightfully insist on constructing that part thereof adjoining his property according to his own plan, and in the manner consistent with his own views, then each and all of the other owners, with equal propriety and right, might insist, and would be entitled, under the same circumstances, in like manner, to construct their portion of the work; and, if permitted to carry out their insistence, the result, no doubt, would be an incongruity, or total lack of symmetry in the construction of the work.

The attempt of the property owner, or owners, to make an improvement over the objections of the municipal authorities, would at least tend to embarrass and hinder the latter in their legal right to let out the work under a contract, and thereby have it constructed as contemplated by the ordinance.

It is a well settled principle of law that the easement which the public has in a street or highway the owner of the fee has no right to permanently or materially disturb.    Elliott on Roads and Streets, p. 311.

Such owner certainly has no right to undertake to improve a public street permanently, or any part thereof, according to his own volition, and thereby interfere with or disturb the public authorities in the exercise of the powers with which, under the law, they

are vested and are endeavoring to carry into effect. An incorporated town, through its board of trustees, has such an interest in having street improvements made in compliance with the general plan or scheme adopted, and in the manner as ordered by such trustees, that it may successfully maintain an action for injunction against the owner of abutting property who attempts to make the improvement in a manner materially different from that directed by the board. If not, then certainly the statutory powers with which the latter is invested, with respect to streets, their improvement and repair, would be rendered nugatory and of no avail.

The soundness of the principle that equity will not assume jurisdiction nor award relief where there is a full, complete, and adequate remedy at law cannot be controverted. In this case, however, we are not aware of any legal remedy which could have been resorted to that would have been, under all the circumstances, either full, complete, or adequate. Jurisdiction in equity, it is affirmed by the authorities, depends not so much upon the want of a legal remedy, as upon its inadequacy, and its exercise is a matter which frequently rests in the sound discretion of the court. Or, in other words, the court may determine, under all the circumstances of the case, and in view of the conduct of the parties, whether the legal remedy is sufficient for the purpose of awarding complete justice or whether the intervention of a court of equity may not for that purpose be required and beneficially applied. Bispham's Principles of Equity, section 484, and authorities there cited.

If the ordinance in question is impressed with the infirmities which appellant urges against it, and which, as he insists, render it uncertain and thereby invalid, he has his remedy; but this would not warrant

him in his effort to construct the work in dispute without the consent and over the objections of the proper municipal authorities.   The court did not err in overruling the demurrer to the complaint.

Other questions discussed by counsel for appellant depend upon the evidence, and as it is not properly in the record, we cannot give these any consideration. What purports to be a bill of exceptions, embracing the evidence and matters incident thereto, appears to have been filed on July 30, 1897. This bill was not signed by the trial judge, as shown by his certificate, until August 2, 1897.   There is nothing to disclose that the bill was filed after it received the signature of the judge.   That such filing was required in order to make it a part of the record on appeal is settled by repeated decisions of this court. *Makepeace* v. *Bronnenberg*, 146 Ind. 243; *Louisville, etc., R. R. Co.* v. *Schmidt*, 147 Ind. 638.   Judgment affirmed.