SOUTH SIDE MOTOR COACH CORPORATION *v.*
MCFARLAND ET AL.

[No. 25,975.   Filed June 28, 1934.   Rehearing denied
October 31, 1934.]

*Elliott, Weyl & Jewett* and *Dixon H. Bynum,* for appellants.

*Bingham, Mendenhall & Bingham, Gilbert E. McFarland,* and *Frank Stuck,* for appellees.

FANSLER, J. — Appellees, McFarland and Stuck, brought this action against the appellant and the appellee, Schmidt, alleging that the defendants were in-

debted to them in an amount exceeding $10,000; that the appellant corporation was indebted to various other persons, and unable to pay its indebtedness in the ordinary course of business; that it was without money, funds, or liquid assets out of which to pay its obligations, and that creditors were threatening suit; that the best interesets of all the parties required that a receiver be appointed to take charge of appellant's assets, and to conduct its business of operating a bus line, to the end that its assets be preserved, and to avoid a multiplicity of suits, and the dissipation of its assets in litigation. The defendants filed a counterclaim, and, pending a determination of the question of the indebtedness of defendants to plaintiffs, the court appointed a receiver for the assets of the appellant corporation. The action of the court in appointing a receiver is the only error assigned.

It appears that McFarland and Stuck sold a certain bus line, and the motor busses and equipment appurtenant thereto, to the appellee, Schmidt, for $22,500, most of which was payable in monthly installments. It was provided in the agreement that in the event a corporation was organized by Schmidt to operate the bus line, before the purchase price was fully paid, such corporation should assume and agree to pay the unpaid balance of the purchase price. A corporation was organized and took over the property. It became liable for the payments. Payments were in arrears aggregating several thousand dollars, and there is evidence that Schmidt, the principal stockholder in the corporation, stated at various times that there were no funds with which to pay, and that he offered small payments, and offered to convey real estate of his own to meet the payments. Upon these facts it cannot be said that the trial court abused

its discretion in appointing a receiver under the statute. §3-2601, Burns 1933.

Appellant contends, however, that there was no jurisdiction to appoint a receiver if the plaintiffs had an adequate remedy at law; that there was no allegation in the complaint that the defendant, Schmidt, who was also liable on the contract, was insolvent, and that the plaintiffs had an adequate remedy by an action and judgment against Schmidt for the amount due. It is well settled that equity will not assume jurisdiction where there is a full, complete, and adequate remedy at law. The mere existence of a legal remedy is not enough. The fullness, completeness, and adequacy of the remedy will be investigated, and the exercise of jurisdiction by a court of equity frequently rests in the sound discretion of the court. *Drew* v. *Town of Geneva* (1898), 150 Ind. 662, 50 N. E. 871, 42 L. R. A. 814.

In the case at bar the appellant seems to have been principally liable; the appellee, Schmidt, being liable only as surety. The plaintiffs might have brought their action against the appellant alone. The fact that the appellee, Schmidt, was liable as surety and that an action at law might have been maintained against him, or that he is made a party, does not defeat the right to have a receiver appointed for the principal obligor. It is only a full, complete, and adequate remedy at law against the appellant that will prevent equity from taking jurisdiction, and not a remedy enforceable against some one else. In many business contracts the security upon which the considerations rest are not considered adequate unless there are two obligors, each of whom has sufficient immediate financial responsibility to answer for the amount involved. In an action upon such a contract against the principal, a corporation which has become

insolvent, a court of equity, which looks to the substance and not the form, cannot in conscience say that the plaintiffs will be denied the equitable relief which would conserve the assets of the principal for application upon their judgment, upon the theory that in an action at law against the surety they have a remedy as full, complete, and adequate as by proceeding against both and procuring the preservation of the principal's property to satisfy their judgment at least in part.

There is evidence here that the appellee, Schmidt, told representatives of the plaintiffs that he personally had not sufficient funds to meet the payments due, and that he offered small payments on account, and to deed real estate owned by him personally to apply on the account. He, too, seems to have been none too solvent, but a receiver may not be appointed for the property of an individual at the suit of a creditor. The facts, however, disclose that an action at law against Schmidt alone might not have been a completely adequate remedy.

Judgment affirmed.